STATE of Missouri, Respondent,

v.

Carl O. WATTS, Appellant.

No. 61158.

Supreme Court of Missouri,
Division No. 1.

June 10, 1980.

Charles A. Powell, Jr., Macon, for appellant.

James N. Foley, Pros. Atty., Macon, for respondent.

ROBERT R. WELBORN, Commissioner.

Upon a jury waived trial, Carl O. Watts was found guilty of driving while intoxicated (first offense), § 564.440, RSMo 1969, and a fine of $170.00 was assessed. Defendant appeals.

Shortly after midnight on April 26, 1977, Watts, driving south of Macon on Route 63, ran off the road into a ditch. A highway patrolman called to the scene found Watts "obviously under the influence of alcohol" and he was placed under arrest for driving while intoxicated. He complained of injury from the accident, but an examining physician concluded that Watts' "only problem was that he was drunk." A breathalyzer test was administered and showed a blood alcohol level of 0.17%.

After preliminary proceedings in the Magistrate Court, not here significant, the matter came on for trial July 26, 1978. Prior to trial, defendant filed what he denominated a "Motion for Pretrial Declaratory Judgment and Order" in which he requested the court to advise whether or not, in the event of a trial by jury, defendant would be entitled to an instruction submitting the offense of operating a motor vehicle with 0.10% or more of blood alcohol content, in violation of § 564.439, RSMo 1975 Supp. That motion, as well as a motion to quash the information on constitutional grounds, to be considered herein, was overruled.

The cause was submitted on a stipulation for admission of the report of the arresting officer and of the breathalyzer test. Testifying in his own behalf, appellant admitted that he had drunk five beers and that his ability to operate a motor vehicle was "somewhat impaired."

The court found the defendant guilty. It also found that whether a charge should be filed under Section 564.440 or Section 564.-439 rested in the sole discretion of the prosecutor; that the coexistence of the two statutes was not violative of constitutional due process or equal protection and that the request for a declaration of law as to what instructions would be given on a jury trial was moot.

In this Court, appellant's Point I is:

"THE COEXISTENCE AND ALTERNATE APPLICATION OF SECTIONS 564.439, RSMo, SUPP.1975, AND 564.440, RSMo, 1969, RESULT IN A DENIAL OF THE CONSTITUTIONAL GUARAN-TEES OF EQUAL PROTECTION OF THE LAWS AND DUE PROCESS OF LAW, FOR THE FOLLOWING REASONS:

"A. The Conduct And Offense Prohibited By Section 564.439 Is The Same And Identical Offense As That Prohibited By Section 564.440, Despite The Great Disparity In The Punishments Provided By The Respective Sections.

"B. The Great Difference In The Punishments Respectively Provided By Sections 564.439 And 564.440 Aforesaid, And The Further Consequences Following As A Result Of The Provisions Of Chapter 302 RSMo, Is So Arbitrary And Unreasonable As To Confound The Constitutional Notion And Requirement Of Equal Justice And Equal Protection Of The Laws."

Section 564.440 provided, in part:

"No person shall operate a motor vehicle while in an intoxicated condition. Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof, and, on conviction thereof, be punished as follows:

"(1) For the first offense, by a fine of not less than one hundred dollars or by imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment;

"(2) For the second offense, by confinement in the county jail for a term of not less than fifteen days and not exceeding one year;

"(3) For the third and subsequent offenses, by confinement in the county jail for a term of not less than ninety days and not more than one year or by imprisonment by the department of corrections for a term of not less than two years and not exceeding five years."

(Section 564.439 appears as Section 577.-010 of the new Criminal Code. By that enactment, conviction for the first offense under that section is a class B misdemeanor,

the second, a class A misdemeanor and the third, a class D felony.)

Section 564.439, RSMo 1975 Supp. (now Section 577.012, RSMo 1978) provided, in part:

"1. No person shall drive a motor vehicle when the person has ten-hundredths of one percent or more by weight of alcohol in his blood. As used in this section, percent by weight of alcohol in the blood shall be based upon grams of alcohol per one hundred milliliters of blood and may be shown by chemical analysis of the person's blood, breath, saliva or urine. For the purposes of determining the alcoholic content of a person's blood under this section, the test shall be conducted in accordance with the provisions of sections 577.020, 577.030 and 577.-050.

"2. Any person who violates the provisions of this section is guilty of a misdemeanor and, upon conviction, shall be punished as follows:

"(1) For the first offense, by a fine of not less than fifty dollars or by confinement in the county jail for a term of not more than three months, or by both such fine and confinement;

"(2) For the second offense within a period of three years, by confinement in the county jail for a term of not less than seven days and not more than six months;

"(3) For the third and subsequent offenses within a period of three years, by confinement in the county jail for a term of not less than forty-five days and not more than one year."

By Section 564.442, subd. 1(3), a finding of 0.10% or more by weight of alcohol in a person's blood was prima facie evidence that the person was intoxicated at the time the specimen was taken.

[1] Convictions under Sections 564.439 and 564.440 have different effects upon the defendant's driving privileges. More than two convictions for driving while intoxicated make the defendant ineligible to receive a driver's or chauffeur's license. § 302.-060(9). Conviction of such offense for the second time within a five-year period has the same effect. § 302.060(10). Under the point system, conviction for driving while intoxicated is a 12-point offense. § 302.302, subd. 1(7). Conviction for driving with blood alcohol content of 0.10% is a six-point offense for the first conviction (§ 302.302, subd. 1(8)) and a 12-point offense for the second and subsequent convictions. § 302.-302, subd. 1(7). An accumulation of 12 points within a 12-month period calls for revocation of a driver's license. § 302.304.3.

■ Although appellant states his point in constitutional terms, he offers no authority based upon constitutional principles and his ultimate conclusion, not stated in his point, is that the enactment of Section 564.-439 repealed, by implication, Section 564.-440. He contends that both sections prohibit the same conduct and that the punishment and consequences of conviction under Section 564.440 are so unreasonably different from those under Section 564.439 that the sections are "irreconcilably repugnant," and that the later enactment (§ 564.439) had the effect of repealing the earlier (§ 564.440).

As appellant acknowledges, a conviction under Section 564.440 could occur although a blood alcohol test showed the defendant to have had between 0.05% and 0.09% blood alcohol (§ 564.442, subd. 1(2)) or even in the absence of a blood alcohol test result. Thus, the basic premise of appellant's argument on this score fails because Section 564.439 and Section 564.440 do not necessarily deal with the same conduct.

Answer to appellant's unsupported constitutional argument is found in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). In that case, the defendant was convicted of violation of 18 U.S.C. § 922(h) in that as a previously convicted felon, he had received a firearm that had traveled in interstate commerce. He was sentenced to five years' imprisonment under 18 U.S.C. § 924(a) which provided a fine of not more than $5,000 or imprisonment for not more than five years, or both, for violation of § 922(h).

The same conduct of which the defendant was found guilty also violated 18 U.S.C. § 1202(a), enacted as part of the same act as § 922(h). Punishment upon conviction for violation of § 1202(a) was a fine of not more than $10,000 or two years' imprisonment, or both.

In affirming the conviction, the Supreme Court rejected the argument based upon implied repeal, stating (442 U.S. 122, 99 S.Ct. 2203):

" * * * [I]t is 'not enough to show that the two statutes produce differing results when applied to the same factual situation.' *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155 [96 S.Ct. 1989, 1993, 48 L.Ed.2d 540] (1976). Rather, the legislative intent to repeal must be manifest in the ' "positive repugnancy between the provisions." ' *United States v. Borden Co.*, 308 U.S. 188, 199 [60 S.Ct. 182, 188, 84 L.Ed. 181] (1939). In this case, however, the penalty provisions are fully capable of coexisting because they apply to convictions under different statutes."

The absence of legislative intent to repeal Section 564.440 by the enactment of Section 564.439 is emphasized by the re-enactment of Section 564.440 as part of the new Criminal Code. Laws of Mo. 1977, pp. 658, 716.

The Court also rejected a due process claim, based upon vagueness, not here raised by appellant, and the contention that the existence of the two statutes might " * * * implicate 'due process and equal protection interest[s] in avoiding excessive prosecutorial discretion and in obtaining equal justice,' * * *." With respect to the latter, the Court said (442 U.S. 123–125, 99 S.Ct. 2203).

"This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. See *United States v. Beacon Brass Co.*, 344 U.S. 43, 45–46 [73 S.Ct. 77, 79, 97 L.Ed. 61] (1952); *Rosenberg v. United States*, 346 U.S. 273, 294 [73 S.Ct. 1152, 1163, 97 L.Ed. 1607] (1953) (Clark, J., concurring) (opinion joined by five Mem-

bers of the Court); *Oyler v. Boles*, 368 U.S. 448, 456 [82 S.Ct. 501, 505, 7 L.Ed.2d 446] (1962); *SEC v. National Securities, Inc.*, 393 U.S. 453, 468 [89 S.Ct. 564, 572, 21 L.Ed.2d 668] (1969); *United States v. Naftalin*, 441 U.S. [768], at 777 [99 S.Ct. 2077, at 2084, 60 L.Ed.2d 624]. Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion. See *Confiscation Cases*, 7 Wall. 454 [19 L.Ed. 196] (1868); *United States v. Nixon*, 418 U.S. 683, 693 [94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039] (1974); *Bordenkircher v. Hayes*, 434 U.S. 357, 364 [98 S.Ct. 663, 668, 54 L.Ed.2d 604] (1978).

"The Court of Appeals acknowledged this 'settled rule' allowing prosecutorial choice. 581 F.2d, at 632. Nevertheless, relying on the dissenting opinion in *Berra v. United States*, 351 U.S. 131 [76 S.Ct. 685, 100 L.Ed. 1013] (1956), the court distinguished overlapping statutes with identical standards of proof from provisions that vary in some particular. 581 F.2d, at 632–633. In the court's view, when two statutes prohibit 'exactly the same conduct,' the prosecutor's 'selection of which of two penalties to apply' would be 'unfettered.' *Id.*, at 633, and n. 11. Because such prosecutorial discretion could produce 'unequal justice,' the court expressed doubt that this form of legislative redundancy was constitutional. *Id.*, at 631. We find this analysis factually and legally unsound.

"Contrary to the Court of Appeals' assertions, a prosecutor's discretion to choose between §§ 922(h) and 1202(a) is not 'unfettered.' Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints. And a decision to proceed under § 922(h) does not empower the Government to predetermine ultimate criminal sanctions. Rather, it merely enables the sentencing judge to impose a longer prison sentence than § 1202(a) would permit and precludes him from imposing the greater fine authorized by § 1202(a). More importantly, there is no appreciable differ-

ence between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses. Cf. *Rosenberg v. United States*, 346 U.S. [273], at 294 [73 S.Ct. 1152, at 1163 97 L.Ed. 1607] (Clark, J., concurring); *Oyler v. Boles*, 368 U.S., at 456 [82 S.Ct. 501, at 505]. Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced. See U.S.Const., Art. II, §§ 2, 3; 28 U.S.C. §§ 515, 516; *United States v. Nixon*, 418 U.S., at 694 [94 S.Ct. 3090, at 3100]."

*Batchelder* is dispositive of appellant's reliance on federal constitutional guaranties of due process and equal protection. This Court will not extend the similar guaranties of the Missouri Constitution to provide appellant relief. *State v. Gregori*, 318 Mo. 998, 2 S.W.2d 747 (banc 1928), relied upon by appellant, is inapposite. In that case the court invalidated as violative of the equal protection clause, a statute applicable in counties of 50,000 population or more, giving juvenile courts jurisdiction of persons under 18 years of age, whereas in counties of less than 50,000 population such jurisdiction extended to persons less than 17 years of age. The court held the law not uniformly applicable because it did not "operate equally upon every citizen or inhabitant of the state." 2 S.W.2d at 748. The statutes here involved are of general application and do not treat persons in one part of the state differently from those in another.

Appellant contends that the criteria employed by the prosecutor in determining which charge to file were arbitrary and unreasonable and violated his rights to equal protection and due process. The prosecutor stated for the record that his choice of the charge he presented involved consideration of the driving record of the defendant and his conduct at the time of his arrest. Those are not impermissible factors to be employed in guiding the prosecutor's discretion. *Batchelder* notes that "[t]he Equal Protection Clause prohibits selective enforcement 'based upon an unjustifiable standard such as race, religion or other arbitrary classification.' *Oyler v. Boles*, 368 U.S. 448, 456 [82 S.Ct. 501, 506, 7 L.Ed.2d 446] (1962)." 442 U.S. 125, fn. 9, 99 S.Ct. 2204. Appellant provides no authority for his assertion that due process requires that he have notice and opportunity to be heard on the criteria prior to the prosecutor's decision. Due process does not require a prior hearing as a prerequisite to a decision by a prosecutor as to what charge shall be filed.

Appellant complains that the trial court erred in its preliminary ruling that, in the event of a jury trial on a charge of D.W.I., defendant would not be entitled to an instruction on B.A.C. as a lesser included offense. No such ruling appears in the transcript. Appellant's "Motion for Pre-Trial Declaratory Judgment and Order" which included a request in this regard was overruled by the trial court. The basis for its ruling does not appear. The court may well have concluded that the motion was not authorized under the Rules. In any event, the question presented was answered by *State v. Blumer*, 546 S.W.2d 790 (Mo. App.1977). Appellant's argument that *Blumer*, was incorrectly decided is without merit. *Blumer* correctly found that driving with blood alcohol of 0.10% or more is not an essential element of driving while intoxicated under Section 564.440 and therefore the offense under Section 564.439 is not a lesser included offense of a charge under Section 564.440. See *City of Mexico v. Merline*, 596 S.W.2d 475, 477–478[6] (Mo.App. 1980).

Judgment affirmed.

**622**

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.