David M. HARDWICK, Respondent,

v.

DIRECTOR OF REVENUE, STATE of
Missouri, Appellant.

No. WD 40422.

Missouri Court of Appeals,
Western District.

Nov. 22, 1988.

Waylene Wilhoit Hiles, Sp. Asst. Atty.
Gen., Jefferson City, for appellant.

Roland Heckman, Kansas City, for respondent.

Before FENNER, P.J., and
MANFORD and GAITAN, JJ.

GAITAN, Judge.

This is an appeal by the appellant Director of Revenue, of the trial court's decision to grant limited hardship driving privilege to respondent, David M. Hardwick.

Respondent was convicted of violating Missouri statutes prohibiting driving while intoxicated on two occasions within a five-year time period. These violations oc-curred in Boone County and took place prior to respondent's application for limited hardship driving privilege. The first offense occurred on August 25, 1982 and the second on May 2, 1984. As a result of respondent's second offense, his driving privilege in the State of Missouri was revoked as of May 2, 1984.

On November 6, 1987, respondent filed an Application for Limited Hardship Driving Privilege in Jackson County Circuit Court, Associate Circuit Division. The Honorable Anthony J. Romano, after hearing the application and taking it under advisement, issued an order granting respondent limited driving privileges.

Appellant contends that the trial court erred in granting respondent's application in that respondent, prior to his application, had been convicted twice within a five-year period of violating Missouri law prohibiting driving while intoxicated. Thus, it is argued that under §. 302.309.3(5)(a), RSMo 1986, respondent was ineligible to receive hardship driving privilege. This Court agrees with appellant's argument.

Section 302.309.3(5)(a) became effective on September 28, 1987, and governs the conditions under which an individual may be granted hardship driving privilege after being convicted for a second time under § 577.010, RSMo 1986 (driving while intoxicated). Section 302.309.3(5)(a) states that:

(5) No person is eligible to receive hardship driving privilege whose license has been suspended or revoked for the following reasons:

(a) Who has been convicted of any felony in the commission of which a motor vehicle was used, or who has been convicted twice within a five-year period of violating the provisions of section 577.-010, RSMo. The director shall not issue a license to such person for five years from the date such person was convicted for violating the provisions of section 577.010, RSMo. Any person who has been denied a hardship driving privilege for violating the provisions of section 577.010, RSMo, prior to September 28, 1987, shall be granted their hardship driving privilege, upon application, unless

the two convictions occurred within a five-year period, in which case, no hardship driving privilege shall be granted to the person for five years from the date of the second conviction;

Respondent's petition for hardship driving privilege was filed on November 6, 1987, which was after the effective date of the statute. He has had two convictions in violation of § 577.010, RSMo 1986 which occurred within five years of each other. Respondent's last conviction occurred within five years of his application for limited driving privilege. Therefore, respondent clearly falls within the plain meaning of § 302.309.3(5)(a), RSMo 1986 and the trial court did not have jurisdiction to grant him such a privilege. *See Appelbaum v. Director of Revenue*, 733 S.W.2d 495 (Mo. App.1987); *Williams v. Schaffner*, 477 S.W.2d 55 (Mo. banc 1972).

The judgment of the trial court is reversed.

All concur.