Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Thomas D. Munro, Kansas City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

PER CURIAM.

The Director of Revenue appeals from an order granting hardship driving privileges to Debbie Barnes. The Director of Revenue contends that the trial court erred because Barnes was statutorily ineligible for such relief.

The judgment of the trial court is reversed.

In August of 1992, Barnes was notified by the Director of Revenue that her driver's license would be suspended for thirty days as a result of her driving while intoxicated. On September 9, 1992, she filed a Petition for Limited Driving Privileges, claiming that she needed to drive in order to get to and from her place of employment.

On September 21, 1992, the Director of Revenue filed an answer to Barnes' petition, claiming that Barnes was ineligible for hardship driving privileges because of

**Debbie BARNES, Respondent,**

**v.**

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 47187.**

Missouri Court of Appeals,
Western District.

June 29, 1993.

section 302.309.3(5)(i), RSMo Supp.1992, which provides that a person is ineligible to receive a hardship driving privilege if he or she has received a suspension under section 302.525.2 and has not completed the first thirty days of such suspension. The Director of Revenue noted that, at the time of the petition, Barnes' suspension had been held in abeyance pending the outcome of an administrative hearing. The Director of Revenue further observed that, in the event the suspension were upheld, Barnes would be ineligible for hardship driving privileges pursuant to the aforementioned statutory provisions.

However, four days before the Director of Revenue's answer was filed, the trial court held a hearing on Barnes' petition. At the hearing, Barnes' counsel informed the court that the thirty-day suspension would, in fact, become effective within a week. At the conclusion of the hearing, the trial court issued an order granting Barnes hardship driving privileges.

The Director of Revenue now appeals that order, claiming that Barnes was ineligible for such relief because her driver's license was, in fact, suspended on September 21, 1992, and she was therefore ineligible for hardship driving privileges because of the prohibition of section 302.309.3(5)(i). Barnes has waived the filing of a respondent's brief, acknowledging the applicability of that statutory provision.

This court has previously held that a trial court lacks jurisdiction to grant hardship driving privileges to those who are statutorily ineligible to receive them. *Eccarius v. Director of Revenue*, 774 S.W.2d 574, 576 (Mo.App.1989); *Hardwick v. Director of Revenue*, 760 S.W.2d 615, 616 (Mo.App. 1988). The trial court had no such jurisdiction in the case at bar.

Accordingly, the judgment of the trial court is reversed.

All concur.