Alvin Jerome BLACKMON, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 47241.

Missouri Court of Appeals,
Western District.

Aug. 10, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Donald Leroy Williams, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

The Director of Revenue appeals the trial court's granting hardship driving privileges to Alvin Jerome Blackmon. The director contends that Blackmon was statutorily ineligible for such relief. We agree and reverse the trial court's judgment.

On September 1, 1992, the Department of Revenue notified Blackmon that his driving privileges had been revoked from August 23, 1992, to August 23, 1993, pursuant to § 302.525.2.[1] That statute authorizes a one-year revocation for a person convicted of driving with an excessive blood alcohol content if the person's driving record shows a prior alcohol-related incident in the preceding five years.

On November 2, 1992, Blackmon applied for hardship driving privileges. In his application, Blackmon asserted that he was not ineligible for such privileges for any of the reasons set forth in § 302.309. The trial court conducted a hearing on November 12, 1992. The prosecutor informed the court that she had no opposition to the application, and the trial court granted it.

The director claims in this appeal that the trial court erred because Blackmon was ineligible for such relief pursuant to § 302.309.3(5)(i). That statute provides that no person is eligible to receive hardship driving privileges who has not completed a revocation handed down under § 302.525.2.

A trial court lacks jurisdiction to grant hardship driving privileges to those who are statutorily ineligible to receive them. *Eccarius v. Director of Revenue*, 774 S.W.2d 574, 576 (Mo.App.1989); *Hardwick v. Director of Revenue*, 760 S.W.2d 615, 616 (Mo.App.1988). Because the trial court did not have jurisdiction to consider Blackmon's application, we reverse its judgment.

All concur.

---

1. All statutory references are to the 1992 Supplement of the Revised Statutes of Missouri.