**Thomas C. HOPPER, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. WD 47502.

Missouri Court of Appeals, Western District.

Aug. 17, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Michael J. Belfonte, Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

PER CURIAM:

The Director of Revenue's appeal from an order granting hardship driving privi-

leges to Thomas C. Hopper is dismissed as moot.

In January 1993, when the trial court ordered the hardship privileges, Mr. Hopper was under revocation for alcohol related enforcement contacts. Mr. Hopper's revocation followed an alcohol related driving arrest in April 1992. Before July 1, 1992, he received notice of revocation, an administrative hearing, and final notice of the effective date of revocation. The year-long revocation began July 14, 1992, and ended July 14, 1993.

■ Revisions to the statute governing hardship driving privileges, § 302.309, RSMo Supp.1992, became effective July 1, 1992. Although Mr. Hopper was eligible for hardship driving privileges under the former statute, he was ineligible under the amended version. Amended § 302.309.-3(5)(i) makes a driver ineligible for hardship privileges if his driver's license has been revoked for alcohol related enforcement contacts under § 302.525.2, and if he has not completed that revocation. *Taylor v. Director of Revenue*, 861 S.W.2d 134, —— (Mo.App., E.D., 1993). Further, amended § 302.309.3(5)(i) applies retrospectively to bar hardship privileges to drivers whose revocations stemmed from arrests made before July 1, 1992. *Id.*, at ——; *Paris v. Director of Revenue*, 858 S.W.2d 829, 830–831 (Mo.App. E.D., 1993); *Brennecka v. Director of Revenue*, 855 S.W.2d 509, 511 (Mo.App., W.D., 1993).

■ Mr. Hopper was not entitled to hardship driving privileges because the trial court lacked jurisdiction to grant them to a statutorily ineligible driver. *Barnes v. Director of Revenue*, 856 S.W.2d 108, 109 (Mo.App., W.D., 1993). Although reversal of the order is appropriate, this court dismisses the appeal as moot. The order granting the hardship privileges expired July 14, 1993, the same date Mr. Hopper's revocation ended. Because of that expiration, this appeal no longer presents an existing controversy, and will be dismissed.

*Pollard v. David*, 421 S.W.2d 296, 297 (Mo. 1967).