Ralph William **SHELTON**, Respondent,

v.

**DIRECTOR OF REVENUE**, State
of Missouri, Appellant.

No. WD 47495.

Missouri Court of Appeals,
Western District.

Sept. 21, 1993.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

David D. Lodwick, Excelsior Springs, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

PER CURIAM.

The Director of Revenue appeals an order granting hardship driving privileges to Ralph William Shelton. Mr. Shelton has waived filing a respondent's brief.

The order is reversed.

Mr. Shelton's driver's license was revoked effective October 4, 1992, for one year for driving with an excessive blood alcohol content. The administrative revocation provisions of §§ 302.500–.540, RSMo 1986 & Supp. 1992 authorized that revocation. While under revocation, Mr. Shelton petitioned for and was granted hardship driving privileges. Issuing its order on January 21, 1993, the trial court granted Mr. Shelton hardship driving privileges until October 4, 1993.

Under § 302.309.3(5)(i), RSMo Supp.1992, which became effective July 1, 1992, a driver is ineligible for hardship privileges if his driver's license has been revoked for alcohol related enforcement contacts under § 302.-525.2, and if he has not completed that revocation. *Hopper v. Director of Revenue*, 859

S.W.2d 246, 247 (Mo.App., W.D., 1993). The record in this case shows that Mr. Shelton had not completed his revocation for an alcohol related enforcement contact when the trial court granted him hardship driving privileges. Therefore, the trial court lacked jurisdiction to grant hardship driving privileges to a statutorily ineligible driver. *Id.; Blackmon v. Director of Revenue,* 858 S.W.2d 861, 862 (Mo.App., W.D., 1993).

The order is accordingly reversed.