**Teresa D. RUSSELL**

v.

**DIRECTOR OF REVENUE.**

**No. WD 47240.**

Missouri Court of Appeals, Western District.

Sept. 28, 1993.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Waylene W. Hiles, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

James H. Bell, Kansas City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

PER CURIAM.

The Director of Revenue appeals from an order granting hardship driving privileges to Teresa D. Russell. The Director of Revenue contends that the trial court was without jurisdiction to grant hardship driving privileges to the holder of a revoked *Kansas* driver's license.

The judgment of the trial court is reversed.

Russell's driver's license, which had been issued by the Kansas Department of Revenue, was revoked by the State of Kansas for driving while intoxicated. On November 12, 1992, Russell filed an application for hardship driving privileges, in which she noted that her revocation was for a period of one year, beginning September 28, 1992 and ending September 28, 1993.

The application stated that she was a resident of Jackson County, Missouri, and that she sought limited driving privileges to commute to and from her place of employment in Kansas City, Kansas. Previously, Russell had been a resident of the State of Kansas. On December 3, 1992, the trial court granted Russell hardship driving privileges, permitting her to drive to and from work.

On appeal, the Director of Revenue claims that the trial court erred by granting Russell hardship driving privileges. The Director of Revenue contends that the trial court lacked jurisdiction to grant such privileges to a person whose driver's license was issued and revoked by the State of Kansas. Russell did not file a respondent's brief in this case.

Section 302.309.3(5)(c), RSMo Supp.1992, provides that a person is not eligible for hardship driving privileges if, at the time he applies for such privileges, he would not be eligible for a license because of the provisions of § 302.060(11), RSMo Supp.1992. Section 302.060(11) provides that no license shall be issued to "any person who is otherwise disqualified under the provisions of section 302.-010 to 302.780." In the case at bar, Russell is "otherwise disqualified" because of Section

302.600, RSMo Supp. 1992, the Interstate Driver License Compact.

Section 302.600, Article V, Section 2 provides that the licensing authority in a party state shall not issue a driver's license to an applicant if that applicant has held a license issued by another party state, and

> the same has been revoked by reason, in whole or in part, of a violation and if such revocation has not terminated, except that after the expiration of one year from the date the license was revoked, such person may make application for a new license if permitted by law.

Kansas is another party state within the context of the Interstate Driver License Compact, having adopted the Compact in K.S.A. 8–1212 to 8–1218. Kansas revoked Russell's driver's license pursuant to a violation, and that one-year revocation has not yet terminated.

Consequently, pursuant to §§ 302.309.-3(5)(c), 302.060(11), and 302.600, Russell was ineligible for hardship driving privileges. This court has previously held that a trial court lacks jurisdiction to grant hardship driving privileges to those who are statutorily ineligible to receive them. *Eccarius v. Director of Revenue,* 774 S.W.2d 574, 576 (Mo.App.1989); *Hardwick v. Director of Revenue,* 760 S.W.2d 615, 616 (Mo.App.1988). Respondent has not favored this court with a brief, so we have not been supplied any arguments which would avoid the effect of the Interstate Compact. Accordingly, we hold that the trial court had no such jurisdiction in the case at bar.

The judgment of the trial court is reversed.