David H. WILSON, Petitioner/Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent/Respondent.

No. 64464.

Missouri Court of Appeals,
Eastern District,
Division One.

April 5, 1994.

Gregory R. Futhey, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

REINHARD, Judge.

Petitioner appeals the circuit court's dismissal, for lack of jurisdiction, of his petition for limited hardship driving privileges. We affirm.

Petitioner had been convicted of driving while intoxicated (DWI) on April 23, 1981, in St. Francois County. He was again convicted of driving while intoxicated on May 11, 1990, in Thayer. He was convicted of driving while intoxicated a third time on May 21, 1992, in St. Louis County. He was also convicted of operating a motor vehicle with an excessive blood alcohol content (BAC), § 577.012, RSMo 1986, in Jefferson County on October 1, 1992. On October 1, 1992, the Director of Revenue (Director) revoked petitioner's driving privileges for one year. On February 5, 1993, petitioner filed his petition.

It is clear that a circuit court lacks jurisdiction to grant hardship driving privileges to one who is statutorily ineligible for such privileges. *Blackmon v. Director of*

*Revenue,* 858 S.W.2d 861, 862 (Mo.App.W.D. 1993). Section 302.309.3(5), RSMo Supp. 1993, provides that no person is eligible to receive hardship driving privileges whose license has been suspended or revoked and who, at the time he applies for such privileges, would not be eligible for a license pursuant to the provisions of § 302.060(9), RSMo Supp.1993.

Section 302.060 provides (in relevant part): The director shall not issue any license hereunder:

\*    \*    \*    \*    \*    \*

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, *relating to driving while intoxicated;* except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. If the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state, the court may order the director to issue a license to the petitioner if he is otherwise qualified under the provisions of sections 302.010 to 302.540. No person may obtain a license under the provisions of this subdivision through court action more than one time. (Emphasis added).

Petitioner contends that the conviction for BAC is not a violation of a law or ordinance "relating to driving while intoxicated." [1]

When interpreting statutes, we must ascertain the legislature's intent from the language used, give effect to that intent if possible and consider the words used in their plain and ordinary meaning. *Appleby v. Director of Revenue,* 851 S.W.2d 540, 541 (Mo. App.W.D.1993). In determining the legislature's intent, we must examine the words used in the statute, the context in which the words are used and the problem the legislature sought to address with the statute's enactment. *Id.* We must construe the statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure. *Id.* A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. *Id.*

The Western District of this court found that the purpose of § 302.060(9) is to protect the public, not to punish petitioner, and that this statute is remedial in nature. *Id.* As such, it must be liberally construed to effect its beneficial purpose. *Id.*

We compare the language of § 302.060(9) with that of § 302.060(10). Subsection 10 provides:

---

1. Petitioner relies primarily upon an analysis of the legislative history of § 302.060(9). He argues the amendment of that subsection did not expand the statute to include BAC convictions within its scope. He contends the amendment merely expanded the statute to include violations of municipal and county ordinances for DWI as grounds to effect the cancellation of an operator's license. We agree. However, BAC convictions were already within the purview of subsection 9 prior to the amendment, and that amendment did nothing to change their status.

He also directs our attention to §§ 302.-309(5)(a) and 302.525.3 and .4. He compares those statutes to § 302.060 and contends they indicate a legislative framework within which a violation for driving with an excessive blood alcohol content is not an "intoxication related" offense. We find the comparison unconvincing.

He further asks us to consider *State v. Watts,* 601 S.W.2d 617 (Mo.1980), alleging it stands for the proposition "the Supreme Court has held and recognized that pursuant to Section 302.060 there is a distinguishing factor between a charge of Driving While Intoxicated and a BAC and that each of such convictions would have a different result upon whether or not an operator would be able to obtain a ... license." We disagree with petitioner's interpretation of *Watts* and do not believe the *Watts* court addressed the salient issue in this appeal.

Finally, petitioner argues a BAC conviction is not a violation "related to Driving While Intoxicated" in that (1) excessive blood alcohol content is not an essential element of DWI and (2) intoxication is not an element in BAC. This argument has no merit.

(10) To any person who has been convicted twice within a five-year period of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, *of driving while intoxicated, or who has been convicted of the crime of involuntary manslaughter while operating a motor vehicle in an intoxicated condition.* The director shall not issue a license to such person for five years from the date such person was convicted for involuntary manslaughter while operating a motor vehicle in an intoxicated condition or for driving while intoxicated for the second time. Any person who has been denied a license for two convictions of driving while intoxicated prior to July 27, 1989, shall have his license issued, upon application, unless the two convictions occurred within a five-year period, in which case, no license shall be issued to the person for five years from the date of the second conviction; . . . . (Emphasis added).

Prior to being amended in 1987, this subsection applied to "any person . . . convicted for the second time of violating the laws of this state *relating to driving while intoxicated. . . .*" (Emphasis added). When ascertaining legislative intent, it is presumed that the legislature intended to effect some change in existing law by enacting the statute. Otherwise, the enactment would accomplish nothing, and the legislature is not presumed to have intended a useless act. *State v. Ryan*, 813 S.W.2d 898, 901 (Mo.App.1991). By removing the "relating" language from subsection 10, while leaving it intact in subsection 9, the legislature signalled its intent that the scope of § 302.060(9) should not be limited to violations for driving while intoxicated.

Moreover, § 577.023(1), RSMo Supp.1993, defines (for the purposes of that section) "intoxication-related" traffic offenses as "driving while intoxicated" or "driving with excessive blood alcohol content." We further note a blood alcohol content of .10% or more (as required for a BAC conviction) constitutes prima facie evidence of intoxication. Section 577.037.1, RSMo Supp.1993. It is clear to us the legislature intended BAC violations to be included within the scope of § 302.060(9).

 In his second point on appeal, petitioner argues that if the trial court "considered the Thayer municipal court [DWI] conviction to find it lacked jurisdiction, the trial court erred because the record on it [sic] face provides that [petitioner] did not waive his right to an attorney in writing as required by [§] 309.060(9)." Thus, petitioner contends he has not been convicted three times as required by the statute. In light of our ruling on petitioner's first point on appeal, his second point is moot. Even in the absence of the Thayer conviction, petitioner has been convicted three times of a violation "related to driving while intoxicated."

We affirm.

CRANDALL, P.J., and CRIST, J., concur.