Robert PARADISE, Respondent,

v.

MIDWEST ASPHALT COATINGS,
INC., Appellant.

No. WD 70944.

Missouri Court of Appeals,
Western District.

March 16, 2010.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 27, 2010.

Application for Transfer Denied
Aug. 31, 2010.

Bruce McCurry, Springfield, MO, for Appellant.

George E. Kapke, Lee's Summit, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., LISA WHITE HARDWICK, and CYNTHIA L. MARTIN, JJ.

THOMAS H. NEWTON, Chief Judge.

Midwest Asphalt Coatings, Inc. (Midwest) appeals the trial court's decision denying its requests for an injunction against Mr. Robert Paradise and for payment of attorney fees. Mr. Paradise sought a declaratory judgment to void the non-compete agreement that he had signed with Midwest, claiming the agreement was unreasonable and against public policy. In a counterclaim, Midwest asked the trial court to find the agreement valid and enforceable or modify it for enforceability. Midwest also requested an injunction against Mr. Paradise and contractual attorney fees. After a bench trial, the trial court modified the agreement, declared it enforceable as modified, and refused to grant an injunction against Mr. Paradise or to award attorney fees to Midwest. We affirm.

## Factual and Procedural Background

In 1999, Mr. Joe Manzardo opened Midwest Asphalt Coatings (Midwest), a business providing asphalt paving and asphalt maintenance. Mr. Manzardo employed Mr. Paradise as the general manager and the sole salesperson. Thereafter, Mr. Paradise signed a non-compete agreement with Midwest. As the company's general manager, Mr. Paradise developed goodwill for Midwest, built customer relationships, and promoted Midwest's business with the public. As a salesperson, he obtained repeat customers, generated customer lists, and executed Midwest's bidding procedure with those customers. Subsequently, additional salespersons and another general manager were hired and trained by Mr. Paradise.

After working at Midwest for about seven years, Mr. Paradise resigned and opened a similar business. Mr. Paradise sued Midwest for unpaid sales commissions, attorney fees, and a declaration that the non-compete agreement was unenforceable. Midwest counterclaimed, asking the trial court to deny Mr. Paradise's requests, declare the agreement valid or modify the agreement to be valid, grant an injunction against Mr. Paradise prohibiting him from breaching the agreement, and award Midwest contractual attorney fees.

After a bench trial, the trial court found that Mr. Paradise did not satisfy the burden for a claim of unpaid sales commissions and denied the claim seeking voidance of the non-compete agreement. The trial court found that the time restriction and attorney fees provisions in the non-compete agreement were unreasonable and, thus, unconscionable. Next, it exercised its discretion and modified the agreement by changing the time restriction and striking the attorney fees provision. The trial court found the agreement to be "val-

id and enforceable, for a modified period of twenty-six (26) months from January 15, 2008," but denied the injunction. Instead, it stated that Mr. Paradise would not violate the non-compete in any manner during the modified time period. Midwest appeals, challenging the trial court's denial of the injunction and attorney fees.

## Standard of Review

We review the trial court's judgment under the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 73 (Mo. banc 1985). We will affirm unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

## Legal Analysis

In its first point, Midwest argues that the trial court erred in denying the injunction because the law required the trial court to grant the injunction based on its findings. The trial court found that the modified non-compete agreement was enforceable, that Midwest had "a protectable interest in its customer contacts and repeat customers," and that Mr. Paradise could use his contacts with customers to Midwest's disadvantage. It denied the injunction because Mr. Paradise had not solicited customers or contacts for asphalt business; nor had he intentionally, willfully, or systematically violated the terms of the non-compete agreement.

■ An injunction should be granted against a former employee when the covenant is lawful and the employer shows a legitimate business interest at stake, un-

less there is a substantial reason to relieve the former employee of its "voluntary obligation." *Osage Glass*, 693 S.W.2d at 75. Missouri recognizes two legitimate business interests: trade secrets and customer contacts. *AEE–EMF, Inc. v. Passmore*, 906 S.W.2d 714, 719 (Mo.App. W.D.1995). Protection of the business and not punishment of the former employee is "the essence of the law." *Id.* at 720.

■ Consequently, once the trial court exercised its discretion to modify the non-compete agreement to be enforceable and found that Midwest had a protectable interest in its customer contacts and that Mr. Paradise had the opportunity to use those contacts, it was required to grant the injunction. Its finding that Mr. Paradise had not solicited any customers or intentionally violated the terms of the non-compete agreement was irrelevant in deciding whether to grant an injunction. An employer is not required to show actual solicitation or a willful violation of the non-compete agreement. *See Osage Glass*, 693 S.W.2d at 75 (reversing trial court because former employer proved that its customer contacts were at stake even though the former employee had not solicited any of the customers). Thus, requiring proof of an actual solicitation before an injunction could be granted was an erroneous declaration of the law and denying the injunction was an erroneous application of the law. Midwest's first point is granted.[1]

In its second point, Midwest argues that the trial court erred in overruling its objection to questions concerning the unconscionability of the attorney fees provision because Mr. Paradise did not plead as an affirmative defense that the specific provision was unconscionable. Midwest further argues that absent a finding of unconscion-

---

1. The modified term of twenty-six months for which Midwest was entitled to enjoin Mr. Paradise from competing against it has passed. Thus, an injunction cannot be granted.

ability, its contractual attorney fees should be granted as a matter of law because it was the prevailing party. Because the issue of whether Midwest was the prevailing party is dispositive, we do not address the pleading issue.

■ Notwithstanding any affirmative defense, a party requesting payment of contractual attorney fees must be the prevailing party. *See Miller v. Gammon & Sons, Inc.*, 67 S.W.3d 613, 625 (Mo.App. W.D.2001); *see also Porter v. Lake Waukomis Ass'n*, 687 S.W.2d 237, 239–40 (Mo. App. W.D.1985) (refusing to grant attorney fees to association because it did not prevail even though there was no requirement in contract that it had to prevail, but only that it had to commence suit for the enforcement of its restrictions). A "prevailing party" is the litigant "who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of its original contention." *Corley v. Corley*, 128 S.W.3d 521, 526 (Mo.App. W.D.2003) (internal quotation marks and citation omitted).

■ Midwest argues that it was the prevailing party because the trial court declared the non-compete agreement enforceable. Midwest's main issue at trial was that the non-compete agreement was reasonable and should be enforced. Mr. Paradise sought the invalidation of the non-compete agreement because the time restriction was unreasonable. Mr. Paradise succeeded in challenging the reasonableness of the non-compete agreement because the trial court determined that the time restriction of three years was unreasonable. Based on this finding, the trial court could have invalidated the non-compete agreement rather than modifying it. *See Payroll Advance, Inc. v. Yates*, 270

S.W.3d 428, 437 (Mo.App. S.D.2008) (stating the trial court is granted broad discretion in whether it modifies a non-compete).

Although we determined that an injunction should have been granted, the granting of an injunction is only a remedy. *See Bates v. Webber*, 257 S.W.3d 632, 635 (Mo. App. S.D.2008) ("Issuance of an injunction is an equitable remedy."). An injunction cannot be granted without first finding that the non-compete agreement is valid. *See Osage Glass*, 693 S.W.2d at 75. Consequently, an injunction is not the main issue but the remedy. Our determination that an injunction should have been granted is based on the judicial modification. Accordingly, the discretionary modification is being enforced rather than the agreement the parties signed. Consequently, Midwest did not prevail on its main issue (i.e. the validity of the original non-compete agreement) and is not entitled to attorney fees. *See Corley*, 128 S.W.3d at 526–27. Therefore, the trial court did not err in denying Midwest attorney fees. *See Miller*, 67 S.W.3d at 626 (denying attorney fees because recovery would not be based on the contract). Midwest's second point is denied.[2]

In its third and fourth points, Midwest argues that the trial court erred in finding the attorney fees provision unconscionable. Because we have decided that Midwest was not the prevailing party, these contentions are moot. Thus, Midwest's third and fourth points are denied.

**Conclusion**

In conclusion, Midwest was entitled to an injunction. However, the period for an injunction expired on March 15, 2010, so the relief cannot be granted and is moot. *See Corken v. Workman*, 231 Mo.App. 121, 98 S.W.2d 153, 155 (1936). Midwest was

---

**2.** Midwest's request for attorney fees on appeal is also denied.

not entitled to attorney fees because it was not the prevailing party.  Therefore, we affirm.

HARDWICK and MARTIN, JJ., concur.