ROY L. RICHTER, Presiding Judge
D.L.M. ("Father") appeals from the trial court's judgment ordering Father to pay to the guardian ad litem ("GAL") the sum of $5,500 "for his reasonable GAL fees" from the GAL's appointment to a Motion to Modify the Paternity Judgment action that was voluntarily dismissed without prejudice. We reverse and remand.[1]
I. Background
A Judgment Pursuant to Uniform Parentage Act was entered on August 24, 2012, regarding one minor child between Father and J.M.Z. ("Mother"). Approximately four years later, on May 4, 2016, Father filed a Motion to Modify Paternity Judgment. During the pendency of the Motion to Modify Paternity Judgment, on July 18, 2016, GAL was appointed for the minor child involved in the case. First, Mother was ordered to pay $200 and Father was ordered to pay $500 for costs and fees for GAL. On September 6, 2016, Mother was ordered to pay $1,000 and Father was ordered to pay $2,000 to GAL "as a deposit toward GAL fees on or before November 1, 2016."
On February 24, 2017, Father filed a Memorandum of Voluntary Dismissal of his motion, which was entered on February 28, 2017, and dismissed the pending matter.
On April 6, 2017, GAL filed his motion for remaining fees. Father filed a Motion in Opposition to GAL's request for fees based on a lack of jurisdiction of the court to grant judgment on behalf of GAL. That motion was heard on April 27, 2017, and a stipulation was entered by the parties on May 18, 2017. The parties stipulated that the sum of $5,550 in GAL fees remained *22 unpaid, inclusive of $2,000 previously ordered to be paid by Father on September 6, 2016; and GAL fees were incurred prior to the filing of Father's voluntary dismissal of this matter.
On June 14, 2017, the court granted GAL's request for fees and ordered Father to pay the sum of $5,500[2] , which represented the $3,500 in outstanding fees due to GAL in addition to $2,000 in fees already awarded to GAL prior to the dismissal of the case.
On June 29, 2017, Father filed a Motion for Rehearing, requesting that the matter be reheard by a judge of the family court. On July 14, 2017, the family court judge entered a Judgment and Order, denying GAL's Motion for Fees. However, on July 21, 2017, GAL filed a Motion for Rehearing and/or Motion to Set Hearing Date. After the parties appeared through counsel with GAL and argument was heard, the trial court entered a Judgment on August 21, 2017, which ordered Father to pay to GAL the sum of $5,500 for his reasonable GAL fees.
Father filed his timely notice of appeal on September 29, 2017. This appeal follows.
II. Discussion
Father raises two points on appeal. First, he alleges the trial court erred in entering a judgment affirming an award of GAL fees against Father because it was a misapplication of Missouri law and interpretation of the Missouri statute in that the award was pursuant to a motion for GAL fees filed 41 days after the voluntary dismissal of the underlying cause of action and was not for payment of statutorily authorized costs/fees.
Second, Father alleges the trial court erred in entering a judgment affirming an award of GAL fees against Father because it was a misapplication of Missouri law in that the GAL did not file his motion for fees until 41 days after the voluntary dismissal of the underlying cause of action, thus, even if the court retained jurisdiction as to an award of GAL fees as costs post-voluntary dismissal, the court lost jurisdiction over its judgment thirty days after the entry of the judgment/dismissal as no timely post-trial motion was filed.
A. Standard of Review
A trial court's judgment is reviewed under the standard set forth in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Paradise v. Midwest Asphalt Coatings, Inc., 316 S.W.3d 327, 329 (Mo. App. W.D. 2010). We will affirm the judgment of the trial court unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the trial court erroneously declared or applied the law. Murphy, 536 S.W.2d at 32. We will accept all evidence and inferences favorable to the judgment and disregard all contrary evidence. 8000 Maryland, LLC v. Huntleigh Fin. Servs. Inc., 292 S.W.3d 439, 445 (Mo. App. E.D. 2009).
Additionally, "[t]he determination of attorney fees, including those incurred by a GAL, is within the sound discretion of the trial court and should not be reversed unless the award is arbitrarily arrived at or is so unreasonable as to indicate indifference and lack of proper judicial consideration." Gross v. Jackson County, Missouri, 537 S.W.3d 393, 397 (Mo. App. W.D. 2018) (internal citations omitted). But the question of "[w]hether a trial court has authority to award attorneys'
*23 fees is a question of law [that] we review de novo. " Id. (internal citations omitted).
B. Analysis
Whereas jurisdiction is a threshold matter, we first discuss Father's alleged errors with regard to jurisdiction. If there is no final judgment, we lack jurisdiction and may not consider the merits. Superlube, Inc. of Camdenton v. Innovative Real Estate, Inc., 147 S.W.3d 880, 881 (Mo. App. S.D. 2004). Under Rule 67.02(a), a plaintiff's voluntary dismissal of a civil action without an order of the court:
is effective on the date [the dismissal] is filed with the court." State ex rel. Fortner v. Rolf, 183 S.W.3d 249, 251 (Mo. App. 2005) (citing Grady v. Amrep, Inc., 139 S.W.3d 585, 590 (Mo. App. 2004) ). Moreover, once a case has been dismissed under Rule 67.02, "it is as if the suit were never brought." Givens v. Warren, 905 S.W.2d 130, 132 (Mo. App. 1995). Consequently, a trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action. Kirby v. Gaub, 75 S.W.3d 916, 917 (Mo. App. 2002). No appeal can be taken from the dismissal. State ex rel. Moore v. Sharp, 151 S.W.3d 104, 107 (Mo. App. 2004). "The circuit court may take no further steps as to the dismissed action, and any step is viewed a nullity." State ex rel. Rosen v. Smith, 241 S.W.3d 431, 433 (Mo. App. 2007).
State ex rel. Frets v. Moore, 291 S.W.3d 805, 812 (Mo. App. S.D. 2009) (footnote omitted).
The General Assembly has mandated exceptions to the general rule that the trial court loses jurisdiction to enter any subsequent orders regarding the dismissed action:
Upon the plaintiff dismissing his suit, ... the defendant shall recover against the plaintiff his costs; and in all other cases it shall be in the discretion of the court to award costs or not, except in those cases in which a different provision is made by law.
Section 514.170, RSMo. 1994.
"[T]here is a dearth of cases regarding the time frame for awarding costs with a statutory exception to the general rule...." Matter of Gurgel, 543 S.W.3d 135, 139-40 (Mo. App. S.D. 2018) (denying the claim that a probate court lost jurisdiction and therefore erred in awarding attorney fees after the parties had entered into a joint dismissal and more than 30 days had lapsed). Our appellate court has previously been faced with a consideration of whether guardian ad litem fees may be assessed after thirty days from the dismissal of the action. In re Marriage of Roberts, 989 S.W.2d 272, 276 (Mo. App. S.D. 1999). In Roberts, a case of first impression, the appellate court found that the trial court had jurisdiction[3] to award guardian ad litem fees that required judicial investigation and determination *24 even more than three months after voluntary dismissals of a modification proceeding under a chapter 452 statute that authorized the fee to be taxed as costs. Id. The Southern District found that the version of Section 452.423.4 in effect when the issue of guardian ad litem fees was presented to the trial court mandated the awarding of such fees because the statute's requirement that the court award a "reasonable fee ... to be set by the court" indicated that the court was to utilize discretion in doing so and the statute specifically permitted the exercise of discretion in determining whether to award the fees as part of the costs or as a judgment, and against parties or from public funds. Id. Notably, the court explained,
There is no indication in the statute that the legislature intended that the trial court would lose jurisdiction to award such fees upon the voluntary dismissal by a party seeking relief. Likewise, there is no indication that the legislature intended that the parties could defeat a claim for guardian ad litem fees simply by dismissing their claims before a motion for such fees could be heard and determined.
Id.
The version of Section 452.423.4 in effect in April 1997 when the appellant filed his motion for GAL fees prior to the dismissals provided:
The guardian ad litem shall be awarded a reasonable fee for such services to be set by the court. The court, in its discretion, may award such fees as a judgment to be paid by any party to the proceedings, or may tax such fees as costs to be paid by the party against whom costs are taxed, or from public funds. Such an award of guardian ad litem fees shall constitute a final judgment in favor of the guardian ad litem. Such final judgment shall be enforceable against the parties in accordance with chapter 513, R.S.Mo.
This statute was amended, effective July 1, 1997, to remove the language stating that the court "may tax such fees as costs to be paid by the party against whom costs are taxed."
The Roberts court analyzed the decision in Givens v. Warren, 905 S.W.2d 130, 132 (Mo. App. E.D. 1995), noting that the court "retains jurisdiction with respect to costs specifically taxable against the plaintiff under [ Section] 514.170," which are those that are "fixed, do not require judicial investigation or determination, and are capable of being assessed as a ministerial act." Roberts, 989 S.W.2d at 274.
The Roberts court analyzed several other cases to come to such a conclusion that the statutory language of Section 452.423.4 allowed for the payment of the GAL fees. In sum, the Roberts court concluded that those cases, "to varying degrees, [stood] for the proposition that the trial court, after a voluntary dismissal, lacks jurisdiction except to award costs to a party pursuant to [ Section] 514.170 which does not permit the exercise of discretion." Id. at 275.
In applying the Roberts decision to our case at hand, we look at the current version of Section 452.423, RSMo. 2000, as updated.
When interpreting statutes, we must ascertain the legislature's intent from the language used, give effect to that intent if possible and consider the words used in their plain and ordinary meaning. Wilson v. Dir. of Revenue, 873 S.W.2d 328, 329 (Mo. App. E.D. 1994). In determining the legislature's intent, we must examine the words used in the statute, the context in which the words are used and the problem the legislature sought to address with the statute's enactment. Id. We must construe *25 the statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure. Id. A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. Id. When ascertaining legislative intent, it is presumed that the legislature intended to effect some change in existing law by enacting the statute. Id. at 330. Otherwise the enactment would accomplish nothing, and the legislature is not presumed to have intended a useless act. Id.
The current version of the statute provides:
5. The guardian ad litem shall be awarded a reasonable fee for such services to be set by the court. The court, in its discretion , may:
(1) Issue a direct payment order to the parties. If a party fails to comply with the court's direct payment order, the court may find such party to be in contempt of court; or
(2) Award such fees as a judgment to be paid by any party to the proceeding or from public funds. Such an award of guardian fees shall constitute a final judgment in favor of the guardian ad litem. Such final judgment shall be enforceable against the parties in accordance with chapter 513.
Section 452.423.5, RSMo. 2000, as updated (emphasis added).
Whereas the updated statute still provides for trial court discretion as it did in Roberts, but no longer provides that the guardian fees are considered costs paid by the party against whom costs are taxed, we presume that the legislature intended to change the statute so that guardian ad litem fees no longer fall within the term "costs" authorized and set forth in Section 514.170. Therefore, Roberts is distinguishable from the case at bar in that Section 452.423 currently in effect does not authorize the court to award guardian ad litem fees as "discretionary" costs. Without the statutory authority to award guardian ad litem fees as discretionary costs as was set forth in the prior version of Section 452.423 discussed in Roberts, supra, guardian ad litem fees are to be reviewed and analyzed as to whether they fall into the category of taxable "costs" pursuant to Section 514.170 as set forth in Givens, supra. We find they do not.
Here, the court commissioner exercised judicial discretion by ordering Father to pay one hundred percent of all unpaid guardian ad litem fees, including an additional $3,500 in fees not previously ordered. The court's determination of apportionment that was post-dismissal, and the court's judgment that changed proportions of fees from the prior order, were not authorized under the current statutes and our reading of Roberts, supra. See Quality Bus. Accessories, Inc. v. Nat'l Bus. Prods., Inc., 880 S.W.2d 333, 335 (Mo. App. E.D. 1994) (sustaining an award of commissioner fees when those fees were taxed as costs by the circuit clerk prior to dismissal and afforded no trial court discretion in assessment). Therefore, the trial court erred in entering its judgment on August 21, 2017, affirming the commissioner's judgment entered on June 14, 2017, which ordered Father to pay the GAL fees. Father's points on appeal are granted. However, our analysis does not end here.
Even though the post-dismissal GAL fees were not authorized, we find that the pre-dismissal GAL fees ordered by the court were a part of the final judgment and may be executed upon as ordered. "[I]f the combined effect of several orders entered in a case, including an order denominated 'final judgment,' is to dispose of all issues as to all parties, leaving nothing for future determination, then the *26 collective orders combine to form the 'final judgment' from which an appeal can be taken." Executive Bd. of the Missouri Baptist Convention v. Missouri Baptist Found., 497 S.W.3d 785, 795 (Mo. App. W.D. 2016) (quoting RLI Ins. Co. v. S. Union Co., 341 S.W.3d 821, 828 (Mo. App. W.D. 2011) (emphasis in original) ). Moreover, Section 452.423.5, RSMo. Cum. Supp. 2009 provides, "guardian ad litem shall be awarded a reasonable fee for [his or her] services to be set by the trial court." The trial court may, in its discretion, "[i]ssue a direct payment order to the parties," violation of which may subject the non-paying party to sanctions for contempt, Section 452.423.5(1), or "[a]ward such fees as a judgment to be paid by any party to the proceedings," which constitute a final judgment in favor of the guardian ad litem and is "enforceable against the parties in accordance with chapter 513, RSMo," Section 452.423.5(2).
We find instructive to our analysis the Missouri Supreme Court's decision in Magee v. Blue Ridge Prof'l Bldg. Co., 821 S.W.2d 839, 841 (Mo. banc 1991). In Magee, the trial court granted a motion to dismiss a defendant for failure to state a claim. The plaintiff later voluntarily dismissed all remaining defendants without prejudice, then appealed the trial court's grant of the motion to dismiss. Id. Our Supreme Court held that a "final judgment" dismissing without prejudice remaining claims or defendants renders earlier interlocutory orders entered as to other claims or defendants final. Id. at 842 (overruling Bolin v. Farmers Alliance Mut. Ins. Co., 549 S.W.2d 886 (Mo. banc 1977) ). "In short, if the combined effect of several orders entered in a case, including an order denominated 'final judgment,' is to dispose of all issues as to all parties, leaving nothing for future determination, then the collective orders combine to form the 'final judgment' from which an appeal can be taken." RLI Ins. Co., 341 S.W.3d at 828.
Accordingly, we find Father's voluntary dismissal without prejudice renders the court's earlier order from September 6, 2016, for Mother to pay the GAL fees of $1,000 and Father to pay the GAL fees of $2,000 "as a deposit toward GAL fees on or before November 1, 2016," a final judgment. Thus, it is enforceable pursuant to chapter 513's executions upon judgments. Section 452.423.5(2).
III. Conclusion
The judgment of the trial court is reversed and remanded with instructions that the trial court reverse its judgment from August 21, 2017, which ordered Father to pay to GAL the sum of $5,500 for his reasonable GAL fees, but allow GAL to execute upon the September 6, 2016, judgment for GAL fees.
Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

GAL also filed a motion to dismiss Father's appeal due to unclean hands, as well as a motion for fees on appeal, both of which motions were taken with the case. We deny GAL's motion to dismiss and his motion for fees on appeal.

We note that the parties' stipulation to $5,550 in unpaid GAL fees and the court's order that Father pay $5,500 show an unexplained difference of $50.

According to the Missouri Supreme Court's pronouncement in J.C.W. ex rel. Webb v. Wyciskalla, 275 S.W.3d 249 (Mo. banc 2009), Missouri courts recognized two types of jurisdiction: personal jurisdiction and subject matter jurisdiction, both of which are based on constitutional provisions. Id. at 252. Subject matter jurisdiction is governed by article V of the Missouri Constitution, and is a matter of "the court's authority to render a judgment in a particular category of case." Id. at 253. The Missouri Constitution grants "original jurisdiction over all cases and matters, civil and criminal" to the circuit courts. Mo. Const. art. V., sec. 14. Subject matter jurisdiction is derived from the law and cannot be conferred by consent. State ex rel. Lambert v. Flynn, 348 Mo. 525, 154 S.W.2d 52, 57 (Mo. 1941). When a court lacks subject matter jurisdiction, any action it takes is null and void. Hightower v. Myers, 304 S.W.3d 727, 733 (Mo. banc 2010).