Jessie Lee **APPLEBY**, Respondent,

v.

**DIRECTOR OF REVENUE**, State
of Missouri, Appellant.

No. WD 46296.

Missouri Court of Appeals,
Western District.

Feb. 2, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 30, 1993.

Application to Transfer Denied
May 25, 1993.

William L. Webster, Atty. Gen., James A.
Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Cenobio Lozano, Jr., Harrisonville, for
respondent.

Before SMART, P.J., and SHANGLER
and FENNER, JJ.

FENNER, Judge.

The Director of Revenue of the State of
Missouri (Director) appeals from an order
of the Circuit Court of Henry County reinstating Jessie Lee Appleby's driving privileges after a ten year period of revocation
pursuant to section 302.060(9), RSMo Supp.
1990.[1]

Appleby was convicted on March 1, 1968,
July 6, 1976, April 26, 1979, and March 23,
1981 of driving while intoxicated (DWI) in
violation of state law. Appleby was also
convicted on January 8, 1980, September
10, 1982, November 1, 1982, and April 5,
1983 of violating municipal DWI ordinances. Appleby was subject to a "permanent" denial of driving privileges as a re-

sult of the April 26, 1979 DWI conviction,
pursuant to section 302.060(9).

On March 28, 1991, Appleby filed a petition in the Circuit Court of Henry County
seeking reinstatement of his driving privilege pursuant to section 302.060(9). Appleby alleged that his driving privilege was
revoked for a period of ten years for having been convicted more than twice of violating the laws of this state concerning
driving while intoxicated, that his last state
conviction for DWI was on March 23, 1981,
and that since that date he had obtained inpatient treatment and alcohol abuse counselling such that he no longer posed a
threat to public safety.

The cause went to trial on April 22, 1992.
The main issue was that of statutory construction, *i.e.*, whether the "any offense"
language in section 302.060(9) meant only
state law violations or also encompassed
municipal convictions. The trial judge concluded that Appleby's "municipal ordinance
convictions obtained within the preceding
ten years do not automatically disqualify
him from seeking restoration of his driving
privileges." The judge ruled that the "any
offense" language in the statute meant
only state law convictions, and since Appleby's last state law conviction for DWI was
on March 23, 1981, it had been ten years
since his last alcohol-related offense and,
thus, his driving privileges should be reinstated. The judge further found that Appleby no longer posed a threat to public
safety due to his changed habits and conduct.[2]

In its sole point on appeal, appellant, the
Director of Revenue, argues that the trial
court erred in ordering appellant to issue a
driver's license to Appleby because Appleby is statutorily ineligible for such a license, in that Appleby had been convicted
of an offense related to alcohol within ten

---

1. All statutory references are to RSMo Supp.
1990, unless otherwise noted. As reflected in
RSMo Supp.1992, section 302.060(9) was
amended in 1991 and effective as of July 1,
1992. The pre-amendment version, which appears in RSMo Supp.1990, is the version relevant to this appeal.

2. As the trial court's finding that Appleby no
longer poses a threat to public safety was supported by substantial evidence on the record, we
will not address or disturb that finding. Thus,
the only issue addressed in this appeal is whether Appleby's 1983 municipal DWI conviction
constitutes "any offense related to alcohol" within the meaning of the controlling statute, making him ineligible for a license.

years of his application to have driving privileges restored.

The statutory provision at issue provides, in relevant part:

The director shall not issue any license hereunder: ... (9) To any person who has been convicted more than twice of violating the laws of this state relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating the laws of this state relating to driving while intoxicated, a person who was so convicted may petition the circuit court of the county in which such last conviction was rendered and the court shall review the person's habits and conduct since such conviction. *If the court finds that the petitioner has not been convicted of any offense related to alcohol ... during the preceding ten years and that his habits and conduct show him to no longer pose a threat to the public safety of this state*, the court may order the director to

issue a license to the petitioner ...

Section 302.060(9) (emphasis added).

This is a case of pure statutory construction. A fundamental canon of statutory interpretation is to ascertain the legislature's intent from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. *Thomas v. Missouri Dept. of Social Services, Div. of Family Servs.*, 805 S.W.2d 286, 288 (Mo.App.1991) (citations omitted). While the first source in determining legislative intent is to examine the words used in the statute, a proper analysis also considers the context in which the words are used and, importantly, the problem the legislature sought to address with the statute's enactment. *Fowler v. Director of Revenue*, 823 S.W.2d 134, 135 (Mo.App.1992). The appellate court must construe a statute in light of the purposes the legislature intended to accomplish and the evils it intended to cure. *Gannett Outdoor Co. v. Missouri Highway & Transportation Comm'n*, 710 S.W.2d 504, 506 (Mo.App.1986). A statute must not be interpreted narrowly if such an interpretation would defeat the purpose of the statute. *Omaha Indemnity Co. v. Pall, Inc.*, 817 S.W.2d 491, 496–97 (Mo.App.1991).

The purpose of section 302.060(9) is to protect the public, not punish the licensee. *White v. King*, 700 S.W.2d 152, 155 (Mo.App.1985). Furthermore, this statute is a remedial statute. *Messer v. King*, 698 S.W.2d 324, 325 (Mo. banc 1985). As such, it must be liberally construed to effect its beneficial purpose. *Abrams v. Ohio Pacific Express*, 819 S.W.2d 338, 341 (Mo. banc 1991).

The words at issue in the statute are, "If the court finds that the petitioner has not been convicted *of any offense related to alcohol ...*, the court may order the director to issue a license to the petitioner...." The plain and ordinary meaning of these words is *any* type of offense, whether state or municipal. Rather than specifying a particular type of offense, the legislature used the word "any." Furthermore, looking at the context of the words, the beginning of the statutory section reads, "The director shall not issue any license hereunder to any person who has been convicted more than twice *of violating the laws of this state* relating to driving while intoxicated...." The legislature specifically included the words "violating the laws of this state" in that particular provision. The legislature could also have included those words in the provision at issue, but instead chose the words "any offense related to alcohol." This contrast indicates that the legislature intended that the petitioner remain clean of any alcohol-related offense, whether state or municipal, for a ten year period before being able to have his license reinstated.

The above analysis is consistent with the purpose behind the statute. Since the purpose is to protect the public from people who repeatedly drink and drive, then a person's municipal conviction for driving while intoxicated is equally relevant to a person's state conviction for driving while intoxicated. Furthermore, the remedial nature of the statute requires a more liberal construction to effect the purpose. A narrow interpretation, *i.e.*, reading "any of-

fense" to mean only state offenses, would thwart the legislature's intent of protecting the public against people who have a problem with drinking and driving.

The record shows that Appleby was driving while intoxicated on April 5, 1983, less than ten years ago. The fact that it was a violation of a municipal ordinance, rather than a state law, is irrelevant. His behavior on that day is the type of behavior against which the statute was designed to protect. The legislature has clearly provided that a petitioner must remain free of alcohol-related offenses for a ten-year period before becoming eligible for reinstatement of driving privileges. Thus, Appleby's conviction on April 5, 1983 of violating a municipal DWI ordinance renders him ineligible for reinstatement of his driving privileges under section 302.060(9).

Under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), we find that the trial court erroneously declared and applied the law. Accordingly, the judgment is reversed and the cause remanded for proceedings not inconsistent with this opinion.

All concur.