**Christopher SURBER, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 60099.**

Missouri Court of Appeals,
Western District.

June 4, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin M. Johnson, Asst. Atty. Gen., Jefferson City, for Appellant.

Thomas Richard Bellmann, Kansas City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

The director of the Department of Revenue appeals the circuit court's reinstatement of Christopher Surber's driving privileges. The director contends that the circuit court lacked jurisdiction to reinstate Surber's driving privileges because Surber did not file his petition for review within the statutory deadline. We agree and remand to the circuit court.

On December 4, 2000, Surber received notice from the director that she was revoking his driving privileges for one year, pursuant to § 577.041, RSMo 2000, on the ground that he had refused to submit to a chemical test. On January 4, 2001, Surber filed a petition asking the circuit court for a hearing pursuant to § 577.041.

The director contends that the circuit court should have dismissed Surber's petition for lack of subject matter jurisdiction because Surber filed his petition late. Failure to file a petition for review within a statutory deadline deprives the circuit court of subject matter jurisdiction. *Randles v. Schaffner*, 485 S.W.2d 1, 2–3 (Mo. 1972). The 30–day time limit of § 302.311, RSMo 2000, applies to petitions filed under § 577.041 seeking review of revocations for refusal to take a chemical test. *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990).

Section 302.311 says:

[I]n the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked.

The 30–day period begins running on the day that the director mails or delivers the notice to the licensee. *Grate v. Director of Revenue*, 932 S.W.2d 918, 919 (Mo.App. 1996).

Surber admits that he received notice of the director's revocation of his license on December 4, 2000; hence, although the record does not state when the director mailed or delivered the revocation notice to Surber, Surber certainly had no more time after January 3, 2001, in which to file a petition for review. Surber did not file his petition for review until January 4, 2001, so his petition was late.[1] The circuit court had no authority over the case other than to dismiss it.

We reverse the judgment of the circuit court reinstating Surber's driving privileges because the circuit court did not have jurisdiction to rule on Surber's tardy petition for review.

The circuit court's judgment is void, so we remand to the circuit court with instructions that it set aside its judgment and enter an order dismissing Surber's petition for review.

JAMES M. SMART, JR., Judge, and RONALD R. HOLLIGER, Judge, concur.

---

1. Under his point relied, Surber lists Rule 44.01(e) as authority in support of his contention that he filed his petition for review on time, but he did not address Rule 44.01(e) in his argument. Rule 44.01(e) does not apply to this case. That rule, which provides an additional three (3) days be added to the period for filing because the notice was sent by mail, "applies to civil actions, not to reviews of administrative decisions." *Ramey v. Dir. of Rev.*, 865 S.W.2d 442, 443 (Mo.App. 1993).