**Alvin MAYFIELD, Respondent,**

v.

**DIRECTOR OF REVENUE, State of MISSOURI, Appellant.**

**No. ED 94865.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 15, 2011.

Chris Koster, Jonathan H. Hale, Jefferson City, MO, for appellant.

Alvin Mayfield, Monroe City, MO, for respondent.

GARY M. GAERTNER, JR., Presiding Judge.

### INTRODUCTION

The Director of Revenue for the State of Missouri ("Appellant") appeals a judgment reinstating Alvin Mayfield's ("Respondent") driving privileges under Section 302.060.1(9) RSMo Supp.2009.[1] The judgment is reversed and the cause remanded.

---

1. All subsequent statutory references are to RSMo Supp.2009 unless otherwise indicated.

## FACTS

On January 8, 2000, Respondent's Missouri driver's license was suspended for a Driving While Intoxicated ("DWI") conviction for a ten-year period under Section 302.060.1(9). On January 26, 2010, Respondent filed his Petition for Reinstatement of Driver License under Section 302.060.1(9). On February 25, 2010, Appellant answered the petition, requesting that the trial court dismiss the petition because Respondent was convicted of an offense "related to drugs and/or controlled substances" during the preceding ten years and therefore was ineligible under Section 302.060.1(9).

On April 20, 2010, the trial court heard evidence. Respondent and his wife testified. Respondent stated that on March 15, 2007, Hannibal Police pulled him over while he was driving. Respondent admitted that his license was "denied" at that time. Respondent acknowledged that the Hannibal Police K–9 unit searched the vehicle and found a crack pipe. Respondent further testified that later that year he pled guilty to driving while revoked, suspended or denied license and to possession of drug paraphernalia.

The trial court entered judgment ordering Appellant to reinstate Respondent's driver's license. The court found that Respondent no longer posed a threat to public safety and that Respondent had not been convicted of any offense related to alcohol, controlled substances or drugs. This appeal follows.[2]

## ANALYSIS

The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Pearson v. Director of*

Footnote:

**2.** Respondent failed to file a brief.

*Revenue,* 234 S.W.3d 481, 482 (Mo.App. E.D.2007).

■ Section 302.060.1(9) requires Appellant to deny driving privileges for a ten-year period to anyone who has been convicted of more than two DWI offenses. Under this section, after expiration of ten years from the last DWI conviction, the driver may petition the circuit court for reinstatement of their driver's license if "1. the court finds that the petitioner has not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding ten years and [2.] that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state...." Section 302.060.1(9). The sole issue raised on appeal is whether Respondent's 2007 drug paraphernalia conviction under section 195.233 RSMo 2000, is an offense related to controlled substances or drugs under Section 302.060.1(9). This court finds that it is.

The interpretation of Section 302.060.1(9) is a legal question that this court reviews *de novo*. *Akins v. Director of Revenue,* 303 S.W.3d 563, 564 (Mo. banc 2010). When a court interprets a statute, the court must ascertain the legislature's intent from the language used, give effect to that intent if possible and consider the words used in their plain and ordinary meaning. *Appleby v. Director of Revenue,* 851 S.W.2d 540, 541 (Mo.App. W.D.1993). To determine the legislature's intent, a court must examine the words used in the statute, the context in which the words are used and the problem the legislature is seeking to address with the statute's enactment, while construing the statute in light of the purpose that the legislature intended to accomplish and the evils it intended to cure. *Id.* This court must not

interpret a statute narrowly if such an interpretation would defeat the purpose of the statute. *Id.*

Missouri courts have held that the purpose of Section 302.060.1(9) is to protect the public, not to punish the petitioner, and that this statute is remedial in nature. *Id.* Therefore, this court must liberally construe this statute to effect its beneficial purpose. *Id.*

Chapter 195 of the Missouri Statutes, titled the Narcotic Drug Act, sets forth Missouri's drug regulations concerning drugs and controlled substances. Section 195.010(17) defines "Drug Paraphernalia" as:

> [A]ll equipment, products, substances and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance or an imitation controlled substance.... It includes, but is not limited to:
>
> (1) Objects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing marijuana, cocaine, hashish, or hashish oil into the human body, such as:
>
> (a) Metal, wooden, acrylic, glass, stone, plastic, or ceramic pipes with or without screens, permanent screens, hashish heads, or punctured metal bowls;

Section 195.233 addresses "Unlawful Use of Drug Paraphernalia" and states:

> It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or an imitation controlled substance....

This Court has previously asserted that there is no definition or case law that explains what relating to controlled substances or drugs means. *State v. Myers,* 248 S.W.3d 19, 26 (Mo.App. E.D.2008). When the Legislature has not defined a word or phrase, a court can examine other legislative or judicial meanings of the word or phrase, and can also ascertain a word or phrase's plain and ordinary meaning from its definition in the dictionary. *Id.* According to Webster's Dictionary (1990), "relate" means "to have a relationship or connection: REFER." The dictionary further defines "related" as "connected by reason of an established or discoverable relation." "Related to controlled substances or drugs" under Section 302.060.1(9) means having some connection to controlled substances or drugs. Drug paraphernalia as defined under Section 195.010(17), particularly a crack pipe, is directly connected to controlled substances and drugs as drug paraphernalia is used to introduce controlled substances or drugs into the human body. Under the plain and ordinary meaning of "related to," drug paraphernalia is related to controlled substances or drugs. *Id.* (Imitation controlled substance is related to controlled substances for prior and persistent drug offender status enhancement).

This Court has compared Section 302.060.1(9) with Section 302.060.1(10) to discern legislative intent when the Legislature removed "relating" in subsection 10, but kept "relating to driving while intoxicated" in subsection 9. *Wilson v. Director of Revenue,* 873 S.W.2d 328, 330 (Mo.App. E.D.1994). This Court found that by leaving "relating to" in subsection 9, the Legislature signaled its expansive intent that the scope of subsection 9 should not be limited to convictions for strictly DWI's,

but also included convictions for excessive blood alcohol content or BAC. *Id.*

 By analogy, the Legislature understood that Section 302.060.1(9) also contained the phrase "related to ... controlled substances or drugs" when this section was drafted. The Legislature has clearly indicated that their intent under Section 302.060.1(9) is to deter chronic repeat drunk drivers from driving and from re-establishing their driving privileges if they have had convictions related to alcohol, controlled substances or drugs during their ten-year denial period. As Section 302.060.1(9) is a remedial statute to protect public safety, this Court should liberally interpret this statute to fully accomplish this legislative intent. *Appleby,* 851 S.W.2d at 541 (Liberally interpreting Section 302.060.1(9) to protect public safety, so that "any offense related to alcohol" also included municipal offenses).

"It is well-settled that a driver's license is not a vested right, but merely a privilege." *Pearson,* 234 S.W.3d at 483. Continued irresponsible conduct of a person being convicted of an offense related to alcohol, controlled substances or drugs during the ten-year denial period under Section 302.060.1(9) precludes reinstatement of driving privileges. Respondent's drug paraphernalia conviction in 2007 is related to controlled substances and drugs, thus precluding reinstatement of Respondent's driving privileges. As our Supreme Court has stated, "The plain language of Section 302.060(9) reflects a clear legislative determination that consequences matter." *Akins,* 303 S.W.3d at 567.

## CONCLUSION

The trial court erred by ordering reinstatement of Respondent's driving privileges, because Respondent's drug paraphernalia conviction occurred within the ten-year denial period under Section 302.060.1(9). The judgment is reversed and the cause remanded with instructions to deny Respondent's petition.

MARY K. HOFF and PATRICIA L. COHEN, JJ., concurs.