**James Marcus HILL, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. SC 92288.

Supreme Court of Missouri, En Banc.

May 1, 2012.

Daniel N. McPherson, Attorney General's Office, Jefferson City, for Director.

Paul J. Stingley, The Stingley Law Firm LLC, Fulton, for Hill.

RICHARD B. TEITELMAN, Chief Justice.

The director of revenue for the state of Missouri appeals a judgment holding section 302.060.1(9)[1] unconstitutional and reinstating James Hill's driving privileges. The judgment is reversed, and the case is remanded.

## FACTS

The director revoked Hill's driving privileges for a period of 10 years beginning October 28, 2000. In April 2011, Hill filed a petition for reinstatement of his driving privileges. Hill alleged that he had not been convicted of any offense related to alcohol, controlled substances or drugs during the preceding 10 years. However, an exhibit attached to Hill's petition indicated that, in June 2005, Hill was convicted of the class A misdemeanor of possession of drug paraphernalia in violation of section 195.233.

The director asserted that Hill's 2005 conviction precluded reinstatement because section 302.060.1(9) bars reinstatement for persons who have been convicted within the previous 10 years of an offense related to alcohol, controlled substances or drugs. Hill asserted that section 302.060.1(9) did not apply because his con-

---

1. All references to statutes are to RSMo Supp. 2009.

viction was based on his possession of a legally purchased "smokeless pipe hitter." According to Hill, the legally purchased smokeless pipe hitter could be used for lawful purposes and, therefore, was not related to drugs. Alternatively, Hill argued that section 302.060.1(9) was unconstitutionally vague because the statute could bar reinstatement of driving privileges based on the possession of a legally purchased item that conceivably could be related to illegal drug use.

The trial court reinstated Hill's driving privileges and held that section 302.060.1(9) was unconstitutionally vague insofar as the statute bars reinstatement if the petitioner has, in the previous 10 years, been convicted "of any offense related to alcohol, controlled substances, or drugs. . . ." The judgment did not offer further explanation for holding the statute unconstitutional. The director appeals.

### *ANALYSIS*

■■■ The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Pearson v. Director of Revenue,* 234 S.W.3d 481, 482 (Mo.App. 2007).

The trial court misapplied the law in holding that section 302.060.1(9) is unconstitutionally vague. The statute provides that driving privileges will not be reinstated if the petitioner has, within the preceding 10 years, been convicted of "any offense related to alcohol, controlled substances, or drugs." The relevant factual determination is simply the fact that there was a prior conviction for a drug-related offense. *Kayser v. Director of Revenue,* 22 S.W.3d 240, 243 (Mo.App. 2000). Hill's conviction for possession of drug paraphernalia is unquestionably an offense "related to . . . drugs" as required

by section 302.060.1(9). *See Mayfield v. Director of Revenue,* 335 S.W.3d 572, 575 (Mo.App.2011). The plain language of section 302.060.1(9) forecloses reinstatement of Hill's driving privileges because of the undisputed fact that, in 2005, he was convicted of possession of drug paraphernalia, which is an offense "related to . . . drugs."

■■■ Hill argues that the trial court correctly determined that section 302.060.1(9) is unconstitutionally vague because the phrase "convicted of any offense related to . . . drugs" could include convictions for possession of lawfully possessed items that could be used for lawful purposes. In effect, Hill's argument is that section 302.060.1(9) is unconstitutionally vague because section 195.233, defining the crime of possession of drug paraphernalia, is overbroad. Hill's argument is, therefore, a collateral attack on the validity of his possession conviction. Hill's argument is foreclosed by a consistent line of cases holding that "[a] driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended." *Kayser,* 22 S.W.3d at 243. Hill's argument does not support the judgment in this case. Section 302.060.1(9) is not unconstitutionally vague given the facts in this case.

The judgment is reversed, and the case is remanded.

RUSSELL, BRECKENRIDGE, FISCHER, STITH and PRICE, JJ., and ROLDAN, Sp.J., concur.

DRAPER, J., not participating.