Dewayne A. KLUESNER, Petitioner–Appellant,

v.

DIRECTOR OF REVENUE, STATE of Missouri, Respondent–Respondent.

Nos. SD 32067, 32068.

Missouri Court of Appeals, Southern District, Division One.

March 6, 2013.

cense for ten years pursuant to section 302.060.1(9).[1] The revocation followed Kluesner's third conviction for a violation of state law relating to driving while intoxicated. In his sole point relied on, Kluesner claims the circuit court erroneously applied the law because there was "no evidence" Kluesner was represented by, or waived the right to, an attorney on one of his three predicate convictions "as is specifically required" by section 302.060.1(9). We deny Kluesner's claim because it is contrary to well-settled law that section 302.060.1(9) does not require a defendant to have been represented by or waived the right to an attorney with respect to a conviction for violation of a state law (as opposed to a county or municipal ordinance) in order for the conviction to be a qualifying predicate conviction under the statute.

### Facts and Procedural History

In a notice dated March 14, 2011, the Director informed Kluesner that, effective April 14, 2011, Kluesner would be denied the privilege of driving in Missouri through May 25, 2020. The notice stated the reason for the denial was that Kluesner had been "convicted more than twice for offenses relating to driving while intoxicated," and listed the convictions as driving while intoxicated twice and excessive blood alcohol content.

John R. Schneider, Cape Girardeau, for appellant.

Chris Koster (Atty. Gen.), Timothy A. Blackwell, Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, J.

DeWayne A. Kluesner appeals the circuit court's denial of his petition for review of the revocation by the Director of Revenue ("Director") of Kluesner's driver li-

Kluesner filed a petition in the circuit court seeking judicial review of the Director's denial of his driving privilege.[2] A

---

1. All references to statutes are to RSMo Cum. Supp.2009 unless otherwise indicated.

2. The record in this appeal is incomplete. The petition included in the record actually was filed on March 10, 2011, and by its terms appears to seek review of the Director's revocation of Kluesner's driver license contained in a notice dated February 8, 2011. The

record does not contain a notice dated February 8, 2011. In his brief, Kluesner indicates he filed a second petition on April 13, 2011, that was given a different circuit court docket number from his first petition. The record includes only Kluesner's first petition. Kluesner filed two notices of appeal that were assigned separate appellate docket numbers in this Court before being consolidated.

trial by the court occurred on August 16, 2011, followed by the entry of a judgment reinstating Kluesner's driving privilege. On motion of the Director, the circuit court subsequently set that judgment aside, conducted a second trial on March 28, 2012, and then entered a judgment denying Kluesner's petition.[3]

The certified records of the Department of Revenue show that Kluesner was convicted on: (1) January 29, 1993, in Cape Girardeau County, of driving while intoxicated; (2) September 28, 1993, in Scott County, of excessive blood alcohol content; and (3) May 25, 2010, in New Madrid County, of driving while intoxicated. Kluesner does not dispute that he sustained these convictions and that these convictions are for violations of state law (not a county or municipal ordinance).

Kluesner appeals the circuit court's judgment denying his petition.

## Standard of Review

We must affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hill v. Director of Revenue*, 364 S.W.3d 545, 547 (Mo. banc 2012); *Thomas v. Director of Revenue*, 74 S.W.3d 276, 278 (Mo.App. E.D.2002). We further note that:

> The interpretation of Section 302.060.1(9) is a legal question that this court reviews *de novo*. *Akins v. Di-*

*rector of Revenue*, 303 S.W.3d 563, 564 (Mo. banc 2010). When a court interprets a statute, the court must ascertain the legislature's intent from the language used, give effect to that intent if possible and consider the words used in their plain and ordinary meaning. *Appleby v. Director of Revenue*, 851 S.W.2d 540, 541 (Mo.App. W.D.1993). To determine the legislature's intent, a court must examine the words used in the statute, the context in which the words are used and the problem the legislature is seeking to address with the statute's enactment, while construing the statute in light of the purpose that the legislature intended to accomplish and the evils it intended to cure. *Id.* This court must not interpret a statute narrowly if such an interpretation would defeat the purpose of the statute. *Id.*

> Missouri courts have held that the purpose of Section 302.060.1(9) is to protect the public, not to punish the petitioner, and that this statute is remedial in nature. *Id.* Therefore, this court must liberally construe this statute to effect its beneficial purpose. *Id.*

*Mayfield v. Director of Revenue*, 335 S.W.3d 572, 573–74 (Mo.App. E.D.2011).

## Analysis

In his sole point relied on, Kluesner claims the circuit court erroneously applied the law because there was "no evidence" Kluesner was represented by, or

From the notices of appeal and the attachments to the notices, it appears one notice relates to Kluesner's first petition and the second notice relates to Kluesner's second petition. However, the legal file contains pleadings for only Kluesner's first petition. The circuit court and the parties appear to have treated Kluesner's petitions, at least in part, as a request for judicial review of the Director's revocation contained in his notice dated March 14, 2011, and neither party rais-

es on appeal the issue of whether Kluesner's petitions were legally sufficient to support judicial review of the Director's revocation contained in his March 14, 2011 notice under section 302.311, RSMo 2000. We do not decide this issue because the issue was not raised in the circuit court or before us.

3. The record does not include a transcript of either the first or second trial.

waived the right to, an attorney on his conviction for excessive blood alcohol content "as is specifically required" by section 302.060.1(9). Kluesner's claim is contrary to well-settled law.

Prior to its amendment in 1996, the predecessor of section 302.060.1(9) provided in relevant part:

The director shall not issue any license hereunder:

. . . .

(9) To any person who has been convicted more than twice of violating state law or a county or municipal ordinance, where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated[.]

Section 302.060(9), RSMo Cum.Supp.1991. In 1996, the statute was amended to (1) substitute "and shall immediately deny any driving privilege" for "hereunder," and (2) remove the comma after "ordinance" and insert a comma after "law" so that the statute then read in relevant part:

The director shall not issue any license *and shall immediately deny any driving privilege:*

. . . .

(9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the judge in such cases was an attorney and the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated[.]

Section 302.060(9), RSMo Cum.Supp.1996 (emphasis added).

In 2005, the predecessor statute was amended to delete the phrase "the judge in such cases was an attorney and." Section 302.060(9), RSMo Cum.Supp.2005. Finally, in 2008, the predecessor statute was renumbered to bring the relevant language to its current form, which is:

1. The director shall not issue any license and shall immediately deny any driving privilege:

. . . .

(9) To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance where the defendant was represented by or waived the right to an attorney in writing, relating to driving while intoxicated[.]

Section 302.060.1(9), RSMo Cum.Supp. 2009.

As explained in *Thomas,* 74 S.W.3d at 279–80, multiple judicial decisions interpreted the "where" clause in the statute to modify only a county or municipal ordinance even before the statute was amended in 1996, and the legislature's movement of the comma in 1996 confirmed, "by punctuation," the judiciary's previous interpretation of the relevant language. *Id.* at 280. As a result, contrary to Kluesner's claim, it is well settled that section 302.060.1(9) does not require a defendant to have been represented by or waived the right to an attorney with respect to a conviction for violation of a state law in order for the conviction to be a qualifying predicate conviction under section 302.060.1(9).

Point denied. The judgment of the circuit court is affirmed.

GARY W. LYNCH, P.J., and WILLIAM W. FRANCIS, JR., J., concur.