

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| LARRY W. BOIN, | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD77075 |
| | ) | |
| DIRECTOR OF REVENUE, | ) | FILED: March 3, 2015 |
| Appellant. | ) | |

**Appeal from the Circuit Court of Vernon County**
**The Honorable James R. Bickel, Judge**

**Before Division Four: Alok Ahuja, C.J., Cynthia L. Martin, J., and David H. Miller, Sp. J.**

In March 2011, Respondent Larry Wayne Boin was stopped and arrested while driving, based on probable cause to believe that he was driving while intoxicated. After being transported to the local jail, Boin refused to submit to a chemical breath test. As a result, Boin's driving privileges were revoked. Boin filed a petition for declaratory judgment more than a year after the March 2011 incident. As amended, his petition asked the circuit court to declare the March 2011 revocation void. The trial court granted the relief requested. The Director appeals. Because we conclude that Boin's petition was untimely, we reverse.

**Factual Background**

Respondent Larry Wayne Boin was subject to a ten-year denial of driving privileges under § 302.060.1(9),[1] which was set to expire on October 31, 2012.  As relevant here, § 302.060.1 provides:

> The director shall not issue any license and shall immediately deny any driving privilege:
>
> . . . .
>
> (9)     To any person who has been convicted more than twice of violating state law, or a county or municipal ordinance . . ., relating to driving while intoxicated; except that, after the expiration of ten years from the date of conviction of the last offense of violating such law or ordinance relating to driving while intoxicated, a person who was so convicted may petition the circuit court [for reinstatement] . . . .  If the court finds that the petitioner has not been found guilty of, and has no pending charges for any offense related to alcohol, controlled substances or drugs **and has no other alcohol-related enforcement contacts as defined in section 302.525** during the preceding ten years and that the petitioner's habits and conduct show such petitioner to no longer pose a threat to the public safety of this state, the court shall order the director to issue a license to the petitioner if the petitioner is otherwise qualified . . . .

(Emphasis added.)  "Alcohol-related enforcement contacts" include "any suspension or revocation entered in this or any other state for a refusal to submit to chemical testing under an implied consent law." § 302.525.3.  The emphasized language of § 302.060.1(9), which prohibits reinstatement within ten years of an "alcohol-related enforcement contact," was added to the statute in 2012, effective August 28, 2012.  *See* H.B. 1402, 96th Gen. Assembly, 2d Regular Session (2012).

On March 17, 2011, while driving with limited driving privileges, Boin was stopped for speeding, and was asked by the police officer to perform field sobriety tests.  A portable breath test was performed, which indicated the presence of alcohol.  The police officer arrested Boin

---

[1]     Statutory citations refer to the 2000 edition of the Revised Statutes of Missouri, as updated through the 2014 Cumulative Supplement.

and transported him to the Vernon County Jail. Boin was asked to perform another chemical breath test at the jail. According to Boin's amended petition, when asked to perform the test at the jail, Boin responded "you already gave it to me," by which he intended to inform the officer "that he had already submitted to the same test less than a half-hour earlier." Boin's response was deemed a refusal, and his driving privileges were revoked. The Director of Revenue takes the position that the March 2011 revocation constitutes an "alcohol-related enforcement contact" under § 302.060.1(9) as amended in 2012, and that Boin is therefore ineligible for reinstatement of his full driving privileges until 2021, ten years after the March 2011 revocation.

On October 23, 2012, more than a year after the March 2011 revocation, Boin filed a Petition for Declaratory Judgment in the Circuit Court of Vernon County. Boin's original petition alleged that he had "refused to give a breath sample" in 2011, which "result[ed] in an administrative chemical action violation on his Missouri driver's history." Boin's original petition alleged that, as a result of a 2012 amendment to § 302.060.1(9), the 2011 revocation would prevent him from obtaining reinstatement of his driving privileges on October 31, 2012, as he had previously anticipated. Boin's original petition prayed for a declaratory judgment that the 2012 amendment to § 302.060.1(9) "may not be retroactively applied so as to deny [Boin] entitlement to reinstate his driving privileges on October 31, 2012."

The Director filed an answer to Boin's original petition which argued that amendments to Missouri driver's licensing laws are applied retroactively, and that Boin was accordingly ineligible to apply for reinstatement of his driving privileges until 2021. The answer also alleged, however, that Boin *was* eligible for extension of his limited driving privileges (which required that an ignition interlock device be maintained in his vehicle).

3

Boin voluntarily dismissed his petition on March 19, 2013. On April 9, 2013, he requested that his petition be reinstated. The circuit court reinstated Boin's petition, and granted him leave to file an amended petition.

Although Boin's original petition had affirmatively alleged that he had "refused to give a breath sample" in the March 2011 incident, the amended petition alleged that Boin's response to the officer's request for a breath sample at the jail was *not* an informed, actual refusal. The amended petition prayed that the court "[d]eclar[e] that [Boin] did not knowingly refuse to submit to a breath test" in the March 2011 incident, and "[o]rder[ ] the Department of Revenue to dismiss" the administrative action it had taken against his license as a result of the March 2011 incident. The amended petition does not refer to Boin's original petition, makes no reference to the 2012 amendment to § 302.060.1(9), and does not seek declaratory relief as to the purportedly retroactive application of the 2012 amendment to his case.

On May 14, 2013, the trial court held a hearing. The Director argued that Boin did not timely file a petition for review of the March 2011 revocation pursuant to §§ 302.311 and 577.041, which require that a driver must petition for judicial review of a revocation based on refusal to submit to a chemical test within 30 days of notice of the revocation. The Director also argued that Boin's petition was an impermissible collateral attack on the March 2011 revocation. Boin made no responsive argument at the May 14, 2013 hearing, and offered no evidence on the merits of the petition. At the conclusion of the brief hearing, that court stated, "I will let you both know whether or not I think you can proceed or whether it is a moot issue."

On October 31, 2013, the court issued a judgment in which it found that the 2012 amendments to § 302.060.1(9) imposed an "extended revocation" on Boin due to the March 2011 incident, and that he first received notice of this "extended revocation" on August 28, 2012,

4

when the 2012 amendments became effective. The court held that the initial filing of Boin's lawsuit on October 23, 2012 "was within the statutory thirty (30) days of receiving said notice."[2] Although no evidence had been presented concerning the factual allegations in Boin's amended petition, the court's judgment also found that, during the March 2011 incident, Boin "did in fact provide a breath sample when requested," and that "[i]t was only upon the request for a second sample did Petitioner become confused and did not provide the second sample as requested." The court accordingly determined that Boin "did not refuse a breath test, he gave one." It ordered the revocation of Boin's driving privileges as a result of the March 2011 incident to be vacated.

The Director appeals.

## Standard of Review

> In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

*White v. Dir. of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010).

## Analysis

The Director argues that the trial court erred as a matter of law in vacating Boin's March 2011 revocation, because Boin failed to challenge the 2011 revocation within thirty days, as required by § 302.311. The Director also argues that Boin cannot challenge the March 2011 revocation indirectly, as part of a petition for reinstatement under § 302.060.1(9). We agree.

Section 302.311 specifies that, if the Director revokes or suspends an individual's driving privileges, that individual may appeal to the circuit court "any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked." Section 302.311's

---

[2] This statement appears to be based on a miscalculation: October 23, 2012 is *not* within thirty days of August 28, 2012.

5

time limit is applicable to revocations for refusal to submit to a chemical test under § 577.041. *See Romans v. Dir. of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990).

"The 30-day period [for filing a petition for judicial review] begins running on the day that the director mails or delivers the notice to the licensee." *Surber v. Dir. of Revenue*, 75 S.W.3d 904, 905 (Mo. App. W.D. 2002). "Failure to file a petition for review within [the] statutory deadline deprives the circuit court of subject matter jurisdiction." *Id.*[3]

On its face, Boin's amended petition is a direct attack on the Director's revocation of his license in March 2011, and it was therefore subject to § 302.311's time limitations. In his amended petition, Boin alleged that he was pulled over and arrested on the night of March 17, 2011, and that, after refusing a chemical test at the Vernon County Jail, his driving privileges were revoked. The amended petition alleges that – contrary to the Director's conclusion – he "did not knowingly or voluntarily refuse to submit to [a] breath test." The petition prays that the court find that there was no knowing refusal, and order the Director to dismiss the revocation which resulted from Boin's purported refusal.

Because Boin's amended petition sought judicial review of the March 2011 revocation, § 302.311 required that he file suit "within thirty days after notice that . . . [his] license [was] suspended or revoked." Boin's petition does not allege, however, when he was provided with notice of the revocation of his license as a result of the March 2011 incident.[4]

---

[3] In light of the Missouri Supreme Court's subsequent decision in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253-54 (Mo. banc 2009), *Surber*'s reference to the circuit court's lack of "subject matter jurisdiction" should be read to refer the court's lack of authority to grant relief in a particular case.

[4] Section 577.041.1 provides that, if a driver refuses to submit to a chemical test after being arrested,

> the officer shall, on behalf of the director of revenue, serve the notice of license revocation personally upon the person and shall take possession of any license to operate a motor vehicle issued by this state which is held by that person. The officer shall issue a

6

Because Boin bore the burden of pleading, and proving, that his petition was timely under § 302.311, the fact that Boin's petition is silent on the issue requires dismissal.

> Driver bears the burden to prove the petition for review was filed within thirty days after notice of revocation. That limit of time is jurisdictional. [¶] Driver's failure to set forth facts to prove the petition was timely filed deprived the circuit court of subject matter jurisdiction.

*McInerney v. Dir. of Revenue*, 12 S.W.3d 403, 405 (Mo. App. E.D. 2000) (citations and internal quotation marks omitted).[5] Therefore, if Boin's intention was to petition for judicial review of the March 2011 revocation, as authorized by § 577.041.4, his amended petition was subject to dismissal, because he failed to plead facts establishing the timeliness of his petition under § 302.311.[6]

Boin's amended petition cannot be saved by contending that it was a petition for reinstatement of his driving privileges under § 302.060.1(9). The Missouri Supreme Court has held that a driver cannot employ a petition for reinstatement under § 302.060.1(9) to challenge the validity of underlying events which disqualify the driver from obtaining reinstatement. In *Hill v. Director of Revenue*, 364 S.W.3d 545 (Mo. banc 2012), Hill's driving privileges were

---

temporary permit, on behalf of the director of revenue, which is valid for fifteen days and shall also give the person a notice of such person's right to file a petition for review to contest the license revocation.

The record does not indicate whether the officer complied with this notice requirement following Boin's refusal to provide a breath sample.

[5] As explained in footnote 3, above, the references to "subject matter jurisdiction" in *McInerney* should be read to refer to the circuit court's statutory authority to grant relief in a particular case.

[6] In its judgment, the circuit court found that Boin only had notice of the effect of the March 2011 revocation on his ability to seek reinstatement when the 2012 amendments to § 302.060.1(9) became effective, and that the thirty-day clock therefore began running at that time. We fail to see the relevance of the 2012 amendments to § 302.060.1(9) to the timeliness of Boin's amended petition, however. As explained in the text, to the extent that Boin desired to challenge the lawfulness of the March 2011 revocation, § 302.311 required him to do so "within thirty days after notice that . . . [his] license [was] suspended or revoked." Boin has made no argument, and the circuit court's judgment cites no authority, to suggest that the thirty-day time limitation contained in § 302.311 was restarted when a later legislative enactment added an *additional consequence* flowing from the March 2011 revocation.

revoked for a ten-year period beginning October 28, 2000. *Id.* at 546. In April 2011, Hill filed a petition in the circuit court seeking reinstatement of his driving privileges. *Id.* An exhibit attached to Hill's petition indicated that he had been convicted of possession of drug paraphernalia in 2005. *Id.* This conviction would normally disqualify Hill from obtaining reinstatement for ten years under § 302.060.1(9), because it was a conviction of an "offense related to . . . drugs." Hill argued, however, that the statute "defining the crime of possession of drug paraphernalia, is overbroad," and that the drug-paraphernalia conviction therefore did not foreclose reinstatement. *Id.* at 547.

The Supreme Court held that Hill could not challenge his 2005 conviction for possession of drug paraphernalia in the driver's license reinstatement proceeding. The Court stated that, in a proceeding under § 302.060.1(9), "[t]he relevant factual determination is simply the fact that there was a prior conviction for a drug-related offense." *Id.* Because reinstatement was precluded based solely on *the fact* of Hill's prior conviction, he could not challenge *the legality* of that conviction in the reinstatement proceeding. The Court explained that, by arguing that the possession-of-drug-paraphernalia statute was unconstitutional,

> Hill's argument is . . . a collateral attack on the validity of his possession conviction. Hill's argument is foreclosed by a consistent line of cases holding that "[a] driver cannot collaterally attack previous convictions in an action to challenge a driver's license being revoked or suspended."

364 S.W.3d at 547 (quoting *Kayser v. Dir. of Revenue*, 22 S.W.3d 240, 243 (Mo. App. E.D. 2000)). As explained in *Kayser*, an underlying conviction, "unchallenged by appeal or other timely remedies to avoid the judgment of conviction, results in it remaining intact as a prima facie adjudication" precluding reinstatement of driving privileges under § 302.060.1(9). 22 S.W.3d at 243.

8

The reasoning of *Hill* and *Kayser* is directly applicable here. To the extent Boin's amended petition is deemed to be a petition for reinstatement of his driving privileges under § 302.060.1(9), he cannot use the reinstatement proceeding to challenge the lawfulness of the March 2011 alcohol-related enforcement contact. All that matters in a reinstatement proceeding is that Boin has had an alcohol-related enforcement contact within the preceding ten years; the *legality* of that alcohol-related enforcement contact is not at issue. Boin cannot challenge the validity of the March 2011 revocation in a reinstatement proceeding; instead, he should have filed a timely petition for judicial review of the March 2011 revocation under §§ 577.041.4 and 302.311.[7]

We recognize that, in his *original* petition, Boin argued that, even if he had improperly refused to submit to a chemical breath test in March 2011, he was still entitled to seek reinstatement of his driving privileges on or after October 31, 2012, because the 2012 amendments to § 302.060.1(9) could not be applied "retroactively" to his case. We need not address this issue, however, because Boin abandoned that claim when he filed his amended petition. As we have explained above, the amended petition argues that Boin did not improperly refuse to submit to a chemical test; it does *not* argue, in the alternative, that he would be entitled to seek reinstatement under § 302.060.1(9) *even if* he had improperly refused a chemical test. Boin's filing of the amended petition abandoned the allegations made solely in his original petition, because the amended petition makes no reference to the original petition. "Once an amended pleading is filed, any prior pleadings not referred to or incorporated into the new

---

[7] The fact that Boin's amended petition is captioned as a "Petition for Declaratory Judgment" cannot justify his failure to adhere to the limitations in §§ 302.060.1(9), 302.311, and 577.041.4. A declaratory judgment action cannot be employed to create an additional remedy "where there is a specific, and an adequate, statutory procedure for challenging the administrative ruling made under such statute or statutes." *State ex rel. Dir. of Revenue v. Pennoyer*, 872 S.W.2d 516, 518 (Mo. App. E.D. 1994).

9

pleading are considered abandoned and receive no further consideration in the case for any purpose." *State ex rel. Bugg v. Roper*, 179 S.W.3d 893, 894 (Mo. banc 2005); *see also*, *e.g.*, *Lebeau v. Comm'rs of Franklin Cnty.*, 422 S.W.3d 284, 287 n.2 (Mo. banc 2014); *Babb v. Mo. Pub. Serv. Comm'n*, 414 S.W.3d 64, 78 (Mo. App. W.D. 2013); *Smith v. City of St. Louis*, 409 S.W.3d 404, 417 (Mo. App. E.D. 2013). The separate claim raised in Boin's original petition cannot provide a basis for relief.

We therefore hold that Boin's amended petition was untimely, and constituted an impermissible collateral attack on the March 17, 2011 revocation of his driving privileges. The petition should have been dismissed, and the circuit court erred by granting Boin relief on his petition.[8]

## Conclusion

The circuit court's judgment is reversed.

_____
Alok Ahuja, Judge

All concur.

---

[8] Although we need not reach the issue because the appeal can be resolved on other grounds, we are troubled by the fact that, following the May 14, 2013 hearing, the circuit court not only refused to dismiss Boin's amended petition, but made findings of fact that the allegations of the amended petition were true. The Director had not admitted the factual allegations of Boin's amended petition, and Boin had presented no evidence, through his own testimony or otherwise, to substantiate those allegations. The court's merits ruling would also appear to be at odds with the court's own statements at the conclusion of the May 2013 hearing; at that time, the court merely stated that it would consider the arguments raised by the Director, and then inform the parties "whether or not I think you can proceed or whether it is a moot issue."

10