MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 JOHN BAKER, )
 ) WD83622
 Respondent, )
 v. ) OPINION FILED:
 )
 DIRECTOR OF REVENUE, ) March 16, 2021
 )
 Appellant. )

 Appeal from the Circuit Court of Cass County, Missouri
 Honorable Jeffrey L. Cox, Judge

 Before Division One: Alok Ahuja, P.J.,
 Thomas H. Newton, and Thomas N. Chapman, JJ.

 The Missouri Director of Revenue (State) appeals the Cass County Circuit Court

judgment reinstating Mr. John Baker’s driver’s license after a 10-year denial of driving

privileges. The State alleges that the trial court erred in reinstating Mr. Baker ’s license

because no substantial evidence supported the conclusion that a Michi gan conviction

was not related to alcohol or drugs and that conclusion was against the weight of the

evidence. We reverse.

 Mr. Baker received a 10-year denial of driving privileges in October 2008, after

he received his third DWI conviction. Mr. Baker filed a petition under section

302.060.1(9) 1 for reinstatement in January 2019, in Cass County.

1
 All statutory references are to RSMo (2016), as amended through January 31, 2020.

 1
 The trial court held a reinstatement hearing in June 2019. Mr. Baker testified

that he had not been convicted of any offenses related to alcohol, controlled subs tances,

or drugs during the 10-year denial period. Mr. Baker entered into evidence his

certificate of achievement for alcohol treatment and his Substance Awareness Traffic

Offender Program completion form. Mr. Baker testified that he had relocated to a

different city and no longer associates with the people he would drink with. Mr. Baker

also testified that he voluntarily attends Alcoholics Anonymous and entered himself

into an intensive program called Communities of Recovery Experience.

 During direct examination, Mr. Baker testified that he was arrested for but not

convicted of operating while intoxicated. Mr. Baker testified that he pleaded guilty to

disorderly conduct in Benzie County, Michigan, in December 2018:

 Q. And you were arrested for operating while intoxicated, correct?

 A. Yes.

 Q. But that is not what you've pled to and were found guilty to by the court,
 correct?

 A. Correct.

 Q. Isn't it true that, in fact, you entered a plea of guilty, and the only
 admission or evidence of guilt was to a disorderly conduct; is that correct?

 A. That's correct.

 The State entered into evidence the Michigan records for disorderly person

without objection. The Michigan judgment stated, “P/G TO DISORDERLY DRUNK;

F&C $125; 60D JAIL, CREDIT 26D.” 2

2
 Mich. Comp. Laws Ann. § 750.167 (2014), has twelve subsections defining a “disorderly person.”
Subsection (e) is the only definition that describes a person who is intoxicated in a public place… The
Michigan court characterized the guilty plea to disorderly person as “disorderly drunk.” It is clear from
the judgment that Mr. Baker pled guilty to the disorderly person charge as it relates to subsection (e).

 2
 The trial court ruled:

 . . . After hearing the evidenced adduced to the cause by the Petitioner
 and in accordance with 302.060, RSMo (including a review of the MSHP
 criminal history check, fingerprint check and federal criminal history
 check), this Court finds that the petitioner has not been found guilty of
 and has no pending charges for any offense related to alcohol, controlled
 substances or drugs and has no other alcohol-related enforcement contacts
 as defined in section 302.525 during the preceding five 3 years and that the
 petitioner’s habits and conduct show such petitioner to no longer pose a
 threat to the public safety of this state. The Court further finds that the
 Petitioner is otherwise qualified pursuant to the provisions of sections
 302.010 to 302.540, RSMo.

The State timely appeals.

 Legal Analysis

 The State contends that the trial court erred in reinstating Mr. Baker ’s driver’s

license because: (1) there was no substantial evidence to conclude that he had not been

found guilty of any offense relating to alcohol or drugs, and (2) its finding that the

Michigan disorderly person conviction was not related to alcohol was against the

weight of the evidence.

 “The trial court's judgment will be affirmed unless there is no substantial

evidence to support it, it is against the weight of the evidence, or it erroneously declares

or applies the law.” Hill v. Dir. of Revenue, 364 S.W.3d 545, 547 (Mo. banc 2012). “In

appeals from a court-tried civil case, the trial court's judgment will be affirmed unless

there is no substantial evidence to support it, it is against the weight of the evidence,

or it erroneously declares or applies the law.” White v. Dir. of Revenue, 321 S.W.3d

298, 307–08 (Mo. banc 2010). “[T]he appellate court defers to the trial court's

3
 Pursuant to 302.060.1(9), ten years from the date of conviction of the last offense must expire prior
to the trial court granting a reinstatement, not five years as stated in the judgment. However, because
of the result we reach in this case, this error in the judgment is of no consequence.

 3
assessment of the evidence if any facts relevant to an issue are contested.” Sauvain v.

Acceptance Indem. Ins. Co., 437 S.W.3d 296, 302 (Mo. App. W.D. 2014), as modified

(May 27, 2014). “Substantial evidence is evidence that, if believed, has some probative

force on each fact that is necessary to sustain the circuit court's judgment.” Ivie v.

Smith, 439 S.W.3d 189, 199 (Mo. banc 2014). This Court “will overturn a trial court's

judgment under these fact-based standards of review only when the court has a firm

belief that the judgment is wrong.” Sauvain, 437 S.W.3d at 302 (citation omitted).

 “When the facts are not contested and the issue is one of law, our review is de

novo, and no deference is given to the trial court's determination. ” Johnson v. Dir. of

Revenue, 411 S.W.3d 878, 881 (Mo. App. S.D. 2013). 4

 Under the relevant statute, to reinstate Mr. Baker’s driving privileges, the court

must have found that:

 . . . [T]he petitioner has not been found guilty of, and has no pending
 charges for any offense related to alcohol, controlled substances or drugs
 and has no other alcohol-related enforcement contacts as defined in
 section 302.525 during the preceding ten years and that the petitioner's
 habits and conduct show such petitioner to no longer pose a threat to the
 public safety of this state, [and] the petitioner is otherwise qualified
 pursuant to the provisions of sections 302.010 to 302.540.

§ 302.060.1(9). The meaning of “related to alcohol, controlled, substances, or drugs”

involves a statutory interpretation raising an issue of law that this Court reviews de

novo. Stiers v. Dir. of Revenue, 477 S.W.3d 611, 614 (Mo. banc 2016).

 “When interpreting a statute, the primary goal is to give effect to legislative

intent as reflected in the plain language of the statute.” State v. Moore, 303 S.W.3d 515,

520 (Mo. banc 2010). “This Court's primary rule of statutory interpretation is to give

4
 Here, the State does not contest any of the trial court’s factual findings. Instead, the State alleg es that
the trial court either applied the wrong statute or misinterpreted the statute it applied.

 4
effect to legislative intent in the plain language of the statute at issue. ” Parktown

Imports, Inc. v. Audi of Am., Inc., 278 S.W.3d 670, 672 (Mo. banc 2009).

 Under section 302.060.1(9), the trial court has the authority to reinstate a license

from a denial when it “finds that the petitioner has not been found guilty of . . . any

offense related to alcohol . . . and has no other alcohol-related enforcement contacts as

defined in section 302.525.” Under section 302.525, “alcohol-related enforcement

contacts” include “any conviction in this or any other state for a violation which

involves driving while intoxicated, driving while under t he influence of drugs or

alcohol, or driving a vehicle while having an unlawful alcohol concentration. ” §

302.525. The facts are undisputed that Mr. Baker was originally charged with two

counts of operating while intoxicated and one count of disorderly per son. Mr. Baker

pleaded guilty to the disorderly person charge, and the Michigan penal code defines

disorderly person as:

 A person is a disorderly person if the person is any of the following:

 (e) A person who is intoxicated in a public place and who is either
 endangering directly the safety of another person or of property or is
 acting in a manner that causes a public disturbance.

Mich. Comp. Laws Ann. § 750.167(e) (2014). 5

 The Michigan “disorderly person” conviction did not constitute an “alcohol-

related enforcement contact” within the meaning of section 302.525. It nevertheless

constituted “any offense related to alcohol” within the meaning of section

302.060.1(9), and therefore disqualified Mr. Baker from reinstatement of his driving

5
 The State filed a motion to file an exhibit. At trial, the exhibit was admitted under section 490.130,
“which allows evidence to be admitted from other states.” We sustained the State’s motion to file the exhibit.

 5
privileges. An argument could be made that “any offense related to alcohol” must be

construed to mean “any driving-related offense related to alcohol.” But that is not the

way the phrase has been interpreted. Instead, the courts – including the Missouri

Supreme Court – have held that an “offense related to alcohol” (or to controlled

substances) includes non-driving-related offenses. See Hill, 364 S.W.3d at 547

(reversing circuit court’s reinstatement of driving privileges, because the driver’s

“conviction for possession of drug paraphernalia is unquestionably an offense ‘related

to . . . drugs’ as required by section 302.060.1(9).”); Branson v. Dir. of Revenue, 601

S.W.3d 302, 305 (Mo. App. E.D. 2020) (driver disqualified from obtaining

reinstatement under section 302.060.1(10), because conviction for possession of a

controlled substance “is clearly an offense that is ‘related to alcohol, controlled

substances, or drugs[,]’ and Branson's conviction was within ‘the preceding five years’

of filing his petition.”); Mayfield v. Dir. of Revenue, 335 S.W.3d 572, 573-74 (Mo.

App. E.D. 2011) (driver ineligible for reinstatement of driving privileges under section

302.060.1(9) based on intervening conviction of possession of drug paraphernalia).

 Mr. Baker pleaded guilty in Michigan to being a “disorderly person” under

subsection (e), meaning that he was “intoxicated in a public place” in a manner that

presented a danger or created a public disturbance. Mich. Comp. Laws Ann. §

750.167(e) (2014). Mr. Baker’s Michigan conviction was an “offense related to

alcohol” within the meaning of section 302.060.1(9). Accordingly, we agree with the

State that the court erroneously reinstated Mr. Baker’s driver’s license.

 6
 Conclusion

 We find that the trial court erroneously applied the law when it determined that

Mr. Baker was qualified for reinstatement. We reverse.

 /s/ Thomas H. Newton
 Thomas H. Newton, Judge

Alok Ahuja, P.J. and Thomas N. Chapman, J. concur.

 7